SODUS FRUIT FARM, INC., Plaintiff, *v.* CLARISSA S. WILLIAMS et al., Defendants. (Action No. 1—Supreme Court, Wayne County.)

CLARISSA S. WILLIAMS, Plaintiff, *v.* SODUS FRUIT FARM, INC., Defendant. (Action No. 2—Supreme Court, New York County.)

Supreme Court, Special Term, Wayne County, April 10, 1943.

*J. S. Albright* for plaintiff in Action No. 1 and defendant in Action No. 2.

*Wright & Livingston* for Harry H. Williams, defendant in Action No. 1.

*Thomas P. McCarrick* for Clarissa S. Williams, defendant in Action No. 1 and plaintiff in Action No. 2.

GILBERT, J. Action No. 1 is an action in interpleader brought by the plaintiff therein to determine the disposition of a dividend heretofore declared by the plaintiff and which dividend is claimed by each of the defendants in said action. The action was commenced by the plaintiff by a summons and complaint, properly verified, which was served upon the defendant Harry H. Williams on March 16, 1943, but has not yet been served upon the defendant Clarissa S. Williams although process has been in the hands of a process server since March 16, 1943, and efforts have been made to serve the same. The venue of this action is laid in the county of Wayne.

Action No. 2, the venue of which is laid in the county of New York, is brought by the plaintiff Clarissa S. Williams, one of the defendants in Action No. 1, against Sodus Fruit Farm, Inc., alone and is brought to recover the dividend mentioned in Action No. 1. The summons and complaint in Action No. 2

were served upon the defendant therein, the plaintiff in Action No. 1, on March 22, 1943.

Sodus Fruit Farms, Inc., the plaintiff in Action No. 1 and the defendant in Action No. 2, now brings on this motion to consolidate these two actions and to fix the place of trial of the two actions in Wayne County. Harry H. Williams, one of the defendants in Action No. 1, has served his answer in said action which contains a cross claim against the other defendant in said action. This answer also has been placed in the hands of a process server for service on the codefendant in Action No. 1, but has not yet been served. The defendant Harry H. Williams joins in the motion for a consolidation of the two actions. Clarissa S. Williams, the plaintiff in Action No. 2 and one of the defendants in Action No. 1, has appeared specially on this motion and questions the authority of this court to consolidate the two actions, on two grounds: *First,* that service of the summons and complaint in Action No. 1 has not been made upon her and therefore the court has no jurisdiction, and, *second,* that the motion papers were not timely served upon her attorneys.

There is no question of the fact that the subject matter of each action is the same and that the only issue which can be raised and litigated in either action will be the existence or the validity of an alleged assignment by the said Clarissa S. Williams to the said Harry H. Williams of dividends on certain shares of stock of Sodus Fruit Farm, Inc., of which Clarissa S. Williams is the owner and holder of record. The amount of the dividend, the number of shares involved and the record ownership of said shares are not in dispute. As stated on the argument before the court, unless there is some compelling reason to the contrary this court would not hesitate to grant a motion of consolidation and fix the place of trial of the consolidated actions in Wayne County.

Is the fact that Clarissa S. Williams has not yet been served with the summons and complaint in Action No. 1 such a compelling reason? Section 96 of the Civil Practice Act, which is the section providing for the consolidation of actions, has been very liberally construed. The purpose of the section has been stated to be to eliminate technicalities, multiplicities of actions and delays, to protect substantial rights, and to commit to the courts a wide discretion in the ways of administrative business. (*Datz* v. *Economy Cotton Goods Stores,* 263 N. Y. 252; *Uterhart* v. *National Bank of Far Rockaway,* 255 App. Div. 859.) There should be such a liberal construction of the section as to simplify

practice and expedite justice insofar as the power lies within the courts to do so. (*Goldey* v. *Bierman,* 201 App. Div. 527.)

In determining whether actions should be consolidated " the test is whether the particular actions can be consolidated ' without prejudice to a substantial right.' " (*Crandall* v. *Leach & Co.,* 222 App. Div. 292.) It is not essential that the actions to be consolidated involve the same parties. (*Chemello* v. *Endlich,* 236 N. Y. 653; *Gibbs* v. *Sokol,* 216 App. Div. 260.) It is not absolutely essential that issue shall have been first joined. " Where the court can plainly see what the issues are to be, the reason for waiting for the pleadings disappears and the order may be granted before the issues are fully framed." (*Gibbs* v. *Sokol, supra; Lee* v. *Schmeltzer,* 229 App. Div. 206.)

Where the actions sought to be consolidated are brought in different counties, the motion for consolidation may be made in any county where a motion in either action could be made. (*Lee* v. *Schmeltzer, supra.*) A motion in either of said actions alone, under rule 63 of the Rules of Civil Practice, must be made within the judicial district in which the action is triable or a county adjoining the county in which it is triable.

The plaintiff in each of the actions has submitted the dispute to the jurisdiction of the Supreme Court. While the venue each plaintiff has chosen differs in locality, the dispute is the same and the tribunal selected is the same. The Supreme Court has jurisdiction of the subject matter in each action and of all of the parties involved in one action or the other. In other words, while Clarissa S. Williams, one of the defendants in Action No. 1, has not yet been served with process in that action, nevertheless, she has instituted Action No. 2 in which the subject matter or the issues which are or will be involved are the same as in Action No. 1. Under these circumstances can she successfully urge the question of this court's jurisdiction to consolidate the two actions? Certainly no substantial right of the defendant Clarissa S. Williams would be prejudiced. Her objection would seem to consist more of shadow than of substance.

While this court has been unable to find a case where this particular point has been directly passed upon, namely, the jurisdiction of the court in one district to consolidate actions in one of which a party has not been served with process, in *First Trust & Deposit Co.* v. *Dent* (36 N. Y. S. 2d 664) Mr. Justice SEARL, at page 669 of the report states: " It is conceded that the son, Thomas A. Dent, Jr., named as a co-defendant in Action No. 2, has not been served, nor appeared." While no further discussion appears in the decision, nevertheless a consolidation of the actions involved was granted.

In view of the liberal construction given to section 96 of the Civil Practice Act by decisions of the courts since its passage, it is very evident that the facts in the matter now before this court and presented by this motion present a situation where consolidation of the two actions should be granted.

The motion papers were properly served. Rule 60 of the Rules of Civil Practice provides for service of eight days' notice; section 164 of the Civil Practice Act provides, where service is made by mail, that three additional days should be allowed. The motion papers were served by mail on March 26th and the motion was returnable on April 7th, a period of twelve days. The limitation contained in the notice of motion in reference to the serving of answering affidavits▉ merely became ineffective.

An order may be presented consolidating the actions and fixing the place of trial of the consolidated actions in the county of Wayne.