**ROWLAND v. SELLERS et al.**

Civ. A. No. 2054.

United States District Court
E. D. Tennessee, N. D.

April 7, 1953.

Friar, Lockett & Mahood, Knoxville, Tenn., for plaintiff.

Frantz, McConnell & Seymour, H. H. McCampbell, Jr., Knoxville, Tenn., for defendants.

ROBERT L. TAYLOR, District Judge.

Defendants, Kraft Foods Company and Larue G. Sellers, have moved to remand this case to the Circuit Court for Knox County, Tennessee.

Originally the action was commenced in the state court against Kraft Foods, there being diversity of citizenship between plaintiff and that defendant. Prior to pleading, defendant removed the cause to this court.

Defendant then filed a third-party complaint against Theodore M. Hill, the person with whom plaintiff was riding as a guest at the time the Hill automobile col-

**6**

lided with a truck of Kraft Foods, which was being operated by Sellers.

While diversity was lost as between plaintiff on the one hand and Kraft and Hill on the other, defendants do not claim that the third-party action defeated jurisdiction of this court, for the reason that the third-party complaint should be treated as ancillary to the main case.

Plaintiff then amended her complaint to include Sellers and Hill as defendants, these two defendants, along with plaintiff, being citizens of Tennessee.

The action, as commenced, was removable. 28 U.S.C. § 1332(a) (1). But had the action in its present form been commenced in the state court, it would not have been removable, because of lack of diversity.

■ The question for determination at this time is whether this court has been deprived of jurisdiction by amendment to the complaint.

Title 28 U.S.C. § 1448, by implication, requires that the answer to this question be in the affirmative. That section is as follows:

"In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

"*This section shall not deprive any defendant upon whom process is served after removal of his right to move to remand the case.*" (Emphasis supplied.)

Hill and Sellers were not made defendants until after removal. Both of them, acting in concert, or either or them alone, had a right to move to remand. Sellers alone exercised the right, his motion being within the code section above quoted. In similar situations an amendment to the complaint which destroyed diversity has been held to deprive the district court of jurisdiction. See, Schindler v. Wabash R. Co., D.C.W.D.Mo., 84 F.Supp. 319.; Galbraith v. Bond Stores, Inc., D.C.W.D.Mo., 4 F.R.D. 319; Sheppard v. Atlantic States Gas Co., 3 Cir., 167 F.2d 841.

■ This is a tort action, in which plaintiff had a choice of suing the defendants jointly, or of suing any one of them alone. Moore v. Chattanooga Elec. Ry. Co., 119 Tenn. 710, 109 S.W. 497, 16 L.R.A.,N.S., 978. That choice cannot be coerced by defendants. Alabama Great Southern Railway Co. v. Thompson, 200 U.S. 206, 26 S.Ct. 161, 50 L.Ed. 441. She has elected to sue defendants jointly on the one and non-separable cause of action. Hence, diversity being absent, the cause may not be retained either under the former rule of separable controversy or under the new rule of "separate and independent claim or cause of action". 28 U.S.C. § 1441(c).

Accordingly, let an order be prepared, remanding the case to the state court.