## HEINTZ v. OHIO CAS. INS. CO. et al.
### No. 13892.

United States District Court
S. D. California, Central Division.
May 4, 1953.

200

Leonard Horwin and Wolfson & Essey, by Leonard Horwin, Beverly Hills, Cal., for plaintiff.

Parker, Stanbury, Reese & McGee, by White McGee, Jr., Los Angeles, Cal., for defendants Ohio Cas. Ins. Co. and Larry Clark.

TOLIN, District Judge.

■ This case was removed to the District Court from the Superior Court of the State of California in and for the County of Los Angeles. Jurisdiction in this Court is claimed to exist because of diversity of citienship. 28 U.S.C.A. § 1332:

"*Diversity of citizenship; amount in controversy*

"(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $3,000 exclusive of interest and costs, and is between:

"(1) Citizens of different States; * * *".

As this case originated in a California court, if there is not total diversity, the litigation should be remanded to the state court. Diversity must appear from the allegations of an appropriate pleading, usually the complaint. Levering & Garrigues Co. v. Morrin, 2 Cir., 61 F.2d 115, affirmed 289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062.

■ The complaint, which has now been superseded by an amended complaint, named but one defendant, Ohio Casualty Insurance Company, a corporation, and alleged that said defendant is a corporation organized and existing under the laws of Ohio. The petition for removal to this Court alleges that the controversy is wholly between citizens of different states in that petitioning defendant, then the only defendant, "* * * is * * * a citizen of the State of Ohio * * *" and that "* * * the plaintiff * * * at the time of the commencement of said action and ever since has been and still is a citizen of the State of California; * * *." This is a sufficient recitation of diversity of citizenship to support the removal to this Court.

■ Although it is true that addition of a merely nominal party had no effect upon the jurisdiction thus conferred (if the proof supports the allegation), it is equally true that the addition of a real party defendant whose citizenship also be California (the State of plaintiff's citizenship) would destroy the diversity upon which jurisdiction in the United States District Court rests.

Following the transfer, plaintiff filed a first amended complaint wherein he joined as defendants Palmer N. Larson and Larry Clark, a co-partnership, doing business as Palmer Larson Agency.

This action is one wherein plaintiff seeks to recover damages under a contract of public liability and property damage insurance which he claims created insurance in his favor against the lawful demands of parties injured or damaged by reason of negligent operation of a certain motor vehicle owned and operated by plaintiff. He had an accident, was sued in the Superior Court of the State of California in and for the County of Los Angeles by the injured persons and having paid judgments recovered there against him, claims the benefit of his policy of insurance. Defendant insurance company has answered, denying liability and affirmatively pleading a provision in the policy of insurance which is alleged to read in pertinent portion:

"This policy does not apply:

\*   \*   \*   \*   \*   \*

"(c) \* \* \* while the automobile is used for towing of any trailer \* \* \*".

It appears that plaintiff's vehicle which was involved in the accident was a truck with trailer attached. The amended complaint seeks to avoid said exclusion paragraph by pleading in substance that the defendant insurance company, through its agents, represented that the policy of insurance protected the plaintiff against liability arising from its operations which it is alleged consisted of operating a truck and trailer customarily employed therewith, as said defendant well knew. Plaintiff claims reliance on defendant's assurance that the policy was adequate to cover an operating plan of which the Insurance Company had knowledge. In the amended complaint plaintiff here named as additional defendants the alleged agents whom it charges acquired the knowledge of plaintiff's customary truck-trailer operation and upon whom plaintiff claims to have relied. In the prayer, plaintiff seeks judgment against "defendants" which includes the original defendant Ohio Casualty Insurance Company, a corporation, and said alleged agents. The new defendants are certainly more than nominal defendants. The same relief is sought against them as against the Insurance Company. There is no pleading that these new defendants are citizens of any state other than California. Indeed, the pleadings suggest a strong probability that they, like plaintiff, are California citizens.

To support a claim of diversity of citizenship, all parties that are aligned on opposite sides must be diverse. 28 U.S.C.A. § 1332(a) (1). Schatte v. International Alliance, etc., D.C., 84 F.Supp. 669; Balian Ice Cream Co. v. Arden Farms Co., D.C., 104 F.Supp. 796.

In order to sustain jurisdiction of an action in this Court based on diversity of citizenship, each plaintiff must be capable of suing each defendant in Federal Court. Tsitsinakis v. Simpson, Spence & Young, D.C., 90 F.Supp. 578.

Although the new defendants are not necessary or indispensable parties, they are not here as merely formal or nominal ones. A real controversy is pleaded between them and plaintiff and substantial damages are sought. The situation alleged is similar to that charged in American Fire & Casualty Co. v. Finn, 1951, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702.

Several possibilities exist which, if well pleaded, would affect the situation. The present pleading indicates a case very similar to American Fire & Casualty Co. v. Finn, supra, to which reference is made for a discussion of the applicable principles.

The new defendants might be citizens of some state other than California. Plaintiff may decide in this specific litigation to urge its suit only against the Ohio citizen, dismissing the other from the case.

If one of these circumstances, or others not known to the Court at this time, are present, the Court may retain the jurisdiction which was well set forth in the petition for removal but which appears to be destroyed by the presently indefinite record. If jurisdiction resting on diversity of citizenship can again be made to affirmatively appear, this Court should retain jurisdiction; otherwise it should remand the cause to the Superior Court where it commenced.

If appropriate pleading or action comes into this case within thirty days from the date hereof, the Court will re-examine the file; otherwise the Court will, on its own motion, remand the case to the court from which is was removed.