Herbert SUSMANN, Plaintiff,

v.

Paul J. TULLAR, Defendant,

Action No. 1.

Eleanor B. KIPP, as Administratrix of the Goods, Chattels and Credits of Warren J. Kipp, Deceased, Plaintiff,

v.

INTERNATIONAL HARVESTER COMPANY and Paul J. Tullar, Defendants,

Action No. 2.

Civ. A. Nos. 7622, 7845.

United States District Court
W. D. New York.

Sept. 22, 1958.

Hetzelt & Watson, Buffalo, N. Y. (Joseph L. Watson, Buffalo, N. Y., of counsel), for plaintiff Herbert Susmann.

M. Maurice Chacchia, Geneva, N. Y., for plaintiff Eleanor B. Kipp.

Gleason, Fitzpatrick, O'Connor & O'Brien, Buffalo, N. Y., for defendant Paul J. Tullar.

O'Brien, Donavan & Plante, Rochester, N. Y., for defendant International Harvester Co.

MORGAN, District Judge.

The above causes of action arise out of an automobile accident which occurred on May 1, 1957, on Ohio State Highway 46 in Ashtabula County, Ohio. Defendant, Paul J. Tullar, was the owner and operator of a 1955 Oldsmobile, bearing 1957 New York State Registration 6H622. Plaintiff Herbert Susmann in Action No. 1 and plaintiff intestate, Warren J. Kipp, in Action No. 2 were passengers in the Tullar vehicle at the time of the accident.

At the time of the accident, Warren J. Kipp was a resident of Ontario County, New York. Eleanor B. Kipp was appointed Administratrix of the Estate of Warren J. Kipp and instituted an action in her representative capacity in the New York State Supreme Court for Ontario County. Defendant, Paul J. Tullar, by petition and notice dated May 12, 1958, has removed the death action, Action No. 2, to the Western District of New York at Buffalo.

Two motions were heard on June 30, 1958, involving the above causes:

(1) Motion by defendant Paul J. Tullar for a joint trial pursuant to Fed. Rules Civ.Proc. Rule 42, 28 U.S.C., of Actions No. 1 and No. 2.

(2) Motion by Eleanor B. Kipp, as Administratrix, for an order remanding

Action No. 2 to the Supreme Court of Ontario County.

Of necessity, the motion for remand shall be considered now. Title 28 U.S. C. Section 1441(b) states in part:

"Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

In the Kipp action, the decedent, prior to his death, was a resident of Ontario County, New York, and the answer admits that the defendant Tullar was a resident of Erie County, New York. Letters of Administration were issued on the Kipp Estate out of the Surrogate's Court, Ontario County, New York. Section 1441(c), Title 28 U.S.C., states:

"Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction. [June 25, 1948, c. 646, 62 Stat. 937.]"

This court is of the opinion that jurisdiction does not lie under Section 1441 (b), since Tullar and Kipp are residents of New York State. Rowland v. Sellers, D.C., 111 F.Supp. 5; La Salle v. Firestone Tire & Rubber Company, D.C., 146 F Supp. 376. Section 1441(c) is not applicable. American Fire & Cas. Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L. Ed. 702.

Motion to remand the Kipp case back to the state court granted. It is so ordered.

Because of the above disposition, the motion to consolidate is of necessity denied. It is so ordered.