HARPER FINANCIAL CORPORATION
and Edwin Manker, Plaintiffs,

v.

HANSON OIL CORPORATION et al.,
Defendants.

No. C-74-616.

United States District Court,
W. D. Tennessee, W. D.

Oct. 30, 1975.

Erich W. Merrill, Robert W. Andrews, Memphis, Tenn., for plaintiffs.

Carl Langschmidt, Jr., Memphis, Tenn., for Hanson Oil and D. Ray Willis.

Frank L. Watson, Jr., and Erich James, Memphis, Tenn., for Cotton Wallace.

Bruce E. Myers, Livingston, Tenn., for Deloy Miller and Miller Drilling Co.

## MEMORANDUM OPINION

WELLFORD, District Judge.

This action commenced in November, 1974, in the Chancery Court for Shelby County, Tennessee, with the filing of a complaint by Harper Financial Corporation against Hanson Oil Corporation. The complaint sought damages in the amount of $14,850 for breach of contract which allegedly occurred when the defendant purchased oil well pipe directly from the Miller Drilling Company of Livingston, Tennessee, rather than through, and pursuant to its contract with, the plaintiff brokerage company. The defendant Hanson Oil Corporation, a New Mexico corporation, petitioned for removal of the action to this court, jurisdiction being predicated on the diversity of citizenship between defendant and the plaintiff, a Tennessee corporation. 28 U.S.C. §§ 1332, 1441.

In its answer to the complaint, the defendant denied doing business with the plaintiff or having purchased any oil well pipe from Miller Drilling Company, and admitted only that its employee, Ray Willis, met with Ed Manker, purportedly plaintiff's agent, for the purpose of inspecting pipe Manker allegedly misrepresented to be on the Miller premises.

After the plaintiff propounded interrogatories to the defendant, which were answered, plaintiff moved to amend its complaint to add Manker as a party

plaintiff[1] and Bob Vaught, Deloy Miller and Miller Drilling Company as parties defendant, although the three parties[2] were all alleged to reside in Tennessee. There being no response to the motion, the court allowed plaintiff's amendment.

In the amended complaint, the plaintiffs set out a cause of action substantially different and more involved than that of the original complaint. Newly added defendants Vaught and Deloy Miller were alleged to have fraudulently conspired with Ray Willis, a Hanson employee, and one Cotton Wallace, a broker from New Mexico,[3] to arrange for Hanson Oil Corporation to purchase the pipe from Miller Drilling Company indirectly through various corporations controlled by Willis and Wallace. Such action allegedly constituted wrongful interference with plaintiff's rights as a broker in Hanson Oil Corporation's purchase of pipe, in violation of a Tennessee statute, Tenn.Code Ann. § 47–15–113.[4]

After an answer to the amended complaint, plaintiffs then filed a motion to remand the action to state court under 28 U.S.C. § 1447, because diversity of citizenship no longer existed. Several defendants opposed plaintiffs' motion and the court held a hearing in open court on the motion to remand.

Both sides rely upon the same passage from 1A *Moore's Federal Practice,* ¶ 0.161[1], at 208–10 (2d ed. 1974), as supportive of opposite conclusions. In this passage, the issue presented in the instant case is posed, but no clear and definitive resolution is offered:

> After removal, may a plaintiff by amending his complaint to add an additional defendant, whose citizenship destroys diversity, defeat the removal jurisdiction that has properly attached? There are cases that sanction an ex parte amendment by plaintiff and give an affirmative answer. With deference, we believe these are not sound; and the sound rule is that established by contra authority. If, however, the additional party is added pursuant to a stipulation of the removing defendant, the latter cannot complain because the added defendant defeats the removal jurisdiction and requires a remand. And in the exercise of a sound discretion the district court may permit a new party to be added, although his citizenship destroys diversity and requires a remand. But unless there are strong equities in favor of the amendment, or unless the party is an indispensable party, the court should normally deny leave to amend, since, on the whole, Rule 21 on dropping and adding parties looks to the preservation rather than the destruction of jurisdiction. The general rule, that a plaintiff cannot by his own ex parte action defeat jurisdiction that has validly attached, may properly be applied in this situation. [footnotes omitted].

As a premise for disposition of the issue presented, the court would note the

---

1. The motion represented that Manker was an officer of Harper Financial Corporation but also acting as a joint venturer in this transaction, and that failure to initially join him as a party plaintiff resulted from a misunderstanding between plaintiff and its attorney.

2. Bob Vaught, allegedly a broker in Nashville, was named as a defendant in the amended complaint, but was never served with process, his whereabouts unknown.

3. Willis and Wallace were subsequently added as parties defendant. The court allowed a second amended complaint to be filed after the defendants filed no responses to plaintiffs' motion seeking to file a second amended complaint.

4. "It shall be unlawful for any person, by inducement, persuasion, misrepresentation, or other means, to induce or procure the breach or violation, refusal or failure to perform any lawful contract by any party thereto; and, in every case where a breach or violation of such contract is so procured, the person so procuring or inducing the same shall be liable in treble the amount of damages resulting from or incident to the breach of said contract; and the party injured by such breach may bring his suit for said breach and for such damages."

continued viability of the "complete diversity" rule of *Strawbridge v. Curtiss,* 3 Cranch (7 U.S.) 267, 2 L.Ed. 435 (1806), see Wright, Miller & Cooper, *Federal Practice and Procedure*: Jurisdiction § 3605 (1975). Judge (now Justice) Blackmun noted in *Bradley v. Maryland Casualty Company,* 382 F.2d 415, 419 (8th Cir. 1967), ". . . that there may be a trend toward restriction, rather than enlargement, of federal diversity jurisdiction . . . and that the removal statutes are to be strictly construed."

Where an action is properly removed, subsequent changes in jurisdictional facts ordinarily do not affect the court's continued subject matter jurisdiction. That rule is set out in 1A *Moore's Federal Practice,* ¶ 0.157[2], at 155, but is followed immediately by this limitation: ". . . although there is authority that some subsequent changes that go to the very essence of jurisdiction may require a remand." Compare Wright, Miller & Cooper, *supra* at 656–658.

In the instant case, the amended complaint changed the nature of the action from a relatively simple breach of contract claim against the party with whom the plaintiff allegedly contracted, to a more complicated wrongful interference claim. Defendants Willis, Wallace, Vaught and Deloy Miller were additionally alleged to have fraudently conspired to deprive the plaintiffs of rightful profits from its contract. Joint liability for plaintiffs' damages, however, was asserted against all of the named defendants.

The amended complaint added more than a mere ancillary claim to the original cause of action. It does not appear by evidence or suggestion that resident Tennessee defendants were joined for the purpose of defeating diversity jurisdiction and depriving the defendants of a federal forum. The original plaintiff was evidently not in possession of the full facts concerning the person or persons against whom its grievance lay when the original suit was filed. Utilizing discovery for one of its intended purposes, the plaintiff learned that other parties in addition to the original defendant might be liable. The addition of these persons as parties defendant was connected with new allegations that many parties had participated in a fraudulent conspiracy to interfere with contractual rights.

Under these facts and circumstances, the court is not persuaded to retain jurisdiction simply because jurisdiction attached when this action was originally properly removed. The change in the nature of the cause of action was substantial enough to warrant re-determination as to whether subject matter jurisdiction still exists; under the "complete diversity" rule, it does not. See *Ingersoll v. Pearl Assurance Co.,* 153 F.Supp. 558 (N.D.Calif.1957), *Heintz v. Ohio Cas. Ins. Co.,* 112 F.Supp. 199 (S.D.Calif.1953), *Rowland v. Sellers,* 111 F.Supp. 5 (E.D.Tenn.1953), *Schindler v. Wabash R. Co.,* 84 F.Supp. 319 (W.D.Mo.1949), *Galbraith v. Bond Stores,* 4 F.R.D. 319 (W.D.Mo.1945).

The result reached might be different in this action if the new defendants whose presence destroys diversity were merely formal or nominal parties, or merely transferees or assignees as was the case in *Television Reception Corp. v. Dunbar,* 426 F.2d 174, 177 *et seq.* (6th Cir. 1970), or if there were evidence the plaintiffs have purposefully attempted to deprive this court of jurisdiction. Remand to Shelby County Chancery Court appears appropriate in light of this court's lack of subject matter jurisdiction. It is so ORDERED.