## (June 11, 1981)

■ KAREN PROBST, Respondent, v ALBERT EINSTEIN MEDICAL CENTER et al., Appellants, et al., Defendant. — Order, Supreme Court, New York County (Schwartz, J.), entered November 24, 1980, granting reargument, and upon reargument, adhering to the order entered September 23, 1980, granting plaintiff's motion for leave to amend, reversed, on the law, and motion denied, without costs. Appeal from the order, Supreme Court, New York County (Schwartz, J.), entered September 23, 1980, granting plaintiff's motion for leave to amend, dismissed as superseded, without costs. Plaintiff Probst suffered from scoliosis. On January 29, 1978, she underwent corrective surgery at defendant Albert Einstein Medical Center (Center). At that time, defendant Hoppenfeld inserted a metal rod into plaintiff's spinal column. The rod was manufactured by defendant Zimmer USA, Inc. The rod allegedly fractured on June 22, 1979 and it was subsequently removed by surgery. The original complaint charged defendants Center and Hoppenfeld with negligence. Thereafter, plaintiff moved to serve an amended complaint containing allegations of (i) breach of warranty and (ii) strict products liability against the Center and Hoppenfeld. Special Term granted the motion under CPLR 3025 (subd [b]). Generally, leave to amend a complaint is freely given (CPLR 3025, subd [b]). However, leave will not be given where the proposed amendments do not state valid grounds for relief *(East Asiatic Co. v Corash*, 34 AD2d 432). The insertion of the metal rod was incidental to the medical services provided by the Center and Hoppenfeld. Since they did not technically sell the metal rod to the plaintiff, there is no merit to the two new causes proposed against them in the amended complaint *(Perlmutter v Beth David Hosp.*, 308 NY 100). Hence, the plaintiff's motion should have been denied. Concur — Murphy, P. J. Kupferman, Birns, Carro and Lynch, JJ.

■ In the Matter of the Arbitration between JOHN SCHUMACHER, Claimant, and GENESCO, INC., Appellant. BARBARA CIRKVA, Respondent. — Order, Supreme Court, New York County (Ryp, J.), entered March 26, 1981, unanimously modified on the law and the facts and in the exercise of discretion, to deny the motion of petitioner-respondent Cirkva to quash the subpoena duces tecum served by respondent-counterclaimant-appellant Genesco, Inc., upon American Express (Bloomingdale's Travel Bureau) insofar as it calls for any record or document relating to any period of time prior to November 1, 1977, the date of Genesco, Inc.'s discharge of claimant John Schumacher, and otherwise affirmed as to any period thereafter, without costs. Schumacher is a claimant in arbitration, based on alleged wrongful discharge, against his former employer, Genesco, Inc. In presenting its side of the case, Genesco has subpoenaed certain records of American Express (Bloomingdale's Travel Bureau) relating to travel of its employee, Cirkva, said to have been Schumacher's companion on trips for which travel vouchers were submitted. One of the causes on which the disputed discharge was founded was a charge of submission of false expense vouchers covering trips claimed to have been personal excursions of the pair. While the records sought are seemingly relevant to the case in arbitration, they would lose relevance as of the date of Schumacher's discharge, said to have been November 1, 1977. Special Term should therefore not have vacated the subpoena in its entirety, and we have modified accordingly. Concur — Murphy, P. J., Birns, Ross and Markewich, JJ.