**Carol McINTYRE, Plaintiff,**

**v.**

**CODMAN & SHURTLEFF, INC., Defendant.**

**No. 84 Civ. 4763(CES).**

United States District Court, S.D. New York.

Dec. 11, 1984.

Schneider, Kleinick & Weitz, New York City, for plaintiff.

Patterson, Belknap, Webb & Tyler, New York City, for defendant.

## MEMORANDUM DECISION

STEWART, District Judge:

This action was originally filed in New York Supreme Court, New York County, but was removed by defendant Codman & Shurtleff, Inc. ("Codman"). Plaintiff Carol McIntyre ("McIntyre") now moves for an order to remand and to amend the complaint to add four new parties.

Currently pending in state court is a companion lawsuit, which alleges that New York University Medical Center ("NYU Medical Center"), Joseph Ransohoff, M.D., and two John Doe defendants committed medical malpractice upon the plaintiff during a neurosurgical procedure which was performed on January 4, 1983. The instant lawsuit is against the manufacturer of the neurosurgical perforator and driver used during the operation, and was brought a year after the malpractice action, once the plaintiff identified the manufacturer through discovery. Plaintiff alleged that this product was defective and unreasonably dangerous, and named only Codman as a defendant. She now seeks to add NYU Medical Center, Joseph Ransohoff, M.D., Jeffrey Wishoff, and Jane Roe (an unknown nurse), arguing that they are indispensable parties to the lawsuit. The addition of those defendants would defeat diversity jurisdiction and require a remand.

Plaintiff initially argues that the removal of this lawsuit was "improvident" within the meaning of the statute because the petition for removal ignored the pendency of the companion action. The remand statute states:

> If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case....

28 U.S.C. § 1447(c) (1976). Further, the removal statute provides that diversity cases

> ... shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b) (1976). Plaintiff cites no case law holding that the citizenship of defendants in a related action should be considered in determining the removability of a separate lawsuit. There are cases which state that the court can consider the citizenship of unserved defendants, since it is unrealistic to assume that there will be simultaneous service on multiple defendants, and that to disregard the existence of unserved resident defendants creates "needless jurisdictional problems." *Castner v. Exxon Co., U.S.A.*, 563 F.Supp. 684, 686 (E.D.Pa.1983), *quoting* 1A Moore's Federal Practice ¶ 0.108 [3.–2–2], at 552–54 (2d ed. 1983). *See also, Sands v. Geller*, 321 F.Supp. 558, 562 (S.D.N.Y.1971); *Pecherski v. General Motors*, 636 F.2d 1156, 1160 (8th Cir.1981); *Preaseau v. Prudential Insurance Co.*, 591 F.2d 74, 78–79 (9th Cir.1979); *Chappell v. SCA Services, Inc.*, 540 F.Supp. 1087, 1090–91 (C.D.Ill.1982). It is a great leap to apply those cases to these facts, involving *unnamed* defendants who were only served in a separate lawsuit. We decline to extend those cases in that manner.

The motion to amend the complaint presents more serious questions, since allowance of the amendment would destroy diversity jurisdiction. Codman argues that the propriety of removal is to be judged solely at the time of removal, and a plaintiff cannot amend a complaint so as to force a remand. Defendant's general position is supported by ample authority. *In re Merrimack Mutual Fire Insurance Co.*, 587 F.2d 642 (5th Cir.1978); *Wallace v. Knapp-Monarch Co.*, 234 F.2d 853 (8th Cir.1956); *Skinner v. American Oil Co.*, 470 F.Supp. 229 (D.Iowa 1979); *Perimeter Lighting Inc. v. Karlton*, 456 F.Supp. 355 (N.D.Ga.1978); *Barrett v. McDonald's of Oklahoma City*, 419 F.Supp. 792 (D.Okla. 1976). *See also* 14 Wright, Miller & Cooper, Federal Practice and Procedure § 3721 (1976); 1A Moore's Federal Practice ¶ 0.161 [1.–3] (1983).

Nonetheless, another line of authority exists holding that there are situations where it is appropriate to allow the addition of a party, even though diversity jurisdic-

tion would be destroyed. Even the authorities cited by the defendant acknowledge that if the additional party is indispensable, then joinder is allowed. *In re Merrimack Mutual Fire Insurance Co.*, 587 F.2d 642, 647 (5th Cir.1978). Plaintiff argues that NYU Medical Center is an indispensable party because of her allegations that Codman and NYU Medical Center were engaged in a joint venture with respect to the neurosurgical device. However, we need not decide whether or not the additional parties are indispensable, since we find that the additional parties are proper ones, and after consideration of all the relevant factors, a remand is appropriate.

The Fifth Circuit stands alone in maintaining that the only viable ground for allowing joinder that would result in remand is when the additional parties are indispensable. *In re Merrimack Mutual Fire Insurance Co.*, 587 F.2d 642, 647 (5th Cir.1978). Even the rigidity of that holding has been put somewhat in doubt by *IMFC Professional Services of Florida, Inc. v. Latin American Home Health Inc.*, 676 F.2d 152, 159 n. 14 (5th Cir.1982). The Ninth Circuit implicitly rejected that approach in *Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371 (9th Cir.1980), which allowed the permissive joinder of a new party, despite the fact that it would destroy diversity jurisdiction. We have found no Second Circuit authority directly on point.

Since we reject the approach that a party must be indispensable to allow joinder, we must determine whether the amendment of the complaint and the joinder of additional parties is appropriate under Fed.R.Civ.P. 15 and 20. The amended complaint contains six causes of action. The first cause of action charges the hospital, Drs. Ransohoff and Wishoff, and Jane Roe with medical malpractice; the second cause of action alleges that the same four defendants failed to properly inform the plaintiff about the procedure and obtain her informed consent; the third cause of action alleges that Codman and NYU Medical Center were mutual beneficiaries of each other's business dealings, and through Codman's negligence, plaintiff was injured in the course of the operation; the fourth cause of action alleges breach of express and implied warranties with respect to the product; the fifth cause of action alleges that all the defendants are strictly liable in tort; and the last cause of action states that the product was inherently dangerous. The original complaint is virtually identical to the third, fourth, fifth and sixth causes of action, relating to the products liability claims that are directed at Codman alone.

Leaving aside any question about remand, there is no question that we would allow the new complaint under Fed.R. Civ.P. 15 and 20. Rule 15 provides that when leave of the court is required to amend, "leave shall be freely given when justice so requires." Fed.R.Civ.P. 15; *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Along similar lines, Rule 20, dealing with permissive joinder of parties allows for joinder "... if there is asserted against [the defendants] jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed.R. Civ.P. 20. Applying these broad principles to the facts before us, this case presents a classic example of joinder of claims and parties. The plaintiff alleges medical malpractice against the hospital and medical personnel, and a products liability claim against the manufacturer of the surgical instrument used. The claims arise out of one operation. There is no question that there would be many common, if not identical, issues of fact to both the medical malpractice and products liability claims.

However, because allowing these amendments would defeat diversity jurisdiction, we do not believe that leave to amend should be as freely given as in the usual case. As the Ninth Circuit has stated,

> a trial court should look with particular care at the [plaintiff's] motive in removal

cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court. In such cases, a plaintiff may well be inclined to add a new defendant only to have his action remanded to the state forum, the one that he had originally chosen as best suited to his purposes.

*Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371, 1376 (9th Cir.1980) (citations omitted). In exercising our discretion under Fed.R.Civ.P. 20, we must determine whether joinder "will comport with the principles of fundamental fairness." *Desert Empire Bank*, 623 F.2d at 1375. On this record, we do not find that plaintiff's motive in amending is solely to defeat diversity jurisdiction, and consideration of a number of factors persuades us that a remand would not be fundamentally unfair to defendant Codman.

A synthesis of the existing case law which allows a plaintiff to add parties under these circumstances shows that the following are appropriate factors to consider: any delay in moving to amend and any reasons for delay, *Shaw v. Munford*, 526 F.Supp. 1209, 1212 (S.D.N.Y.1981); *Miller v. Davis*, 464 F.Supp. 458, 460 (D.D.C.1978); the existence of a motion to amend in the state court, *Shaw, supra*, 526 F.Supp. at 1212; substantial differences between the original complaint and the amended complaint, *Miller, supra*, 464 F.Supp. at 460; *Harper Financial Corp. v. Hanson Oil Corp.*, 403 F.Supp. 1405, 1407 (W.D.Tenn. 1975); the possibility of a multiplicity of lawsuits, *Shaw, supra*, 526 F.Supp. at 1214; *Soam Corp. v. Trane Co.*, 506 F.Supp. 302, 310 (S.D.N.Y.1980); *Miller, supra*, 464 F.Supp. at 460; *Ingersoll v. Pearl Assurance Co.*, 153 F.Supp. 558, 560 (N.D.Cal.1957); an inability to identify the defendants at the time of the original complaint, *Heatherton v. Playboy, Inc.*, 60 F.R.D. 372 (C.D.Cal.1973); *Shaw, supra*, 526 F.Supp. at 1214; *Soam, supra*, 506 F.Supp. at 308; *Harper, supra*, 403 F.Supp. at 1407; the closeness of the relationship between the present parties and the parties to be added, and whether the new defendants had any notice of the lawsuit, *Desert Empire Bank, supra*, 623 F.2d at 1375; *Shaw, supra*, 526 F.Supp. at 1215; *Soam, supra*, 506 F.Supp. at 309; the nature of the parties to be added, i.e., whether they are merely formal or nominal, *Harper, supra*, 403 F.Supp. at 1407; any prejudice to the defendants, *Desert Empire Bank, supra*, 623 F.2d at 1375; *Shaw, supra*, 526 F.Supp. at 1214; *Soam, supra*, 506 F.Supp. at 308; *Miller, supra*, 464 F.Supp. at 461; any prejudice to the plaintiff, *Shaw, supra*, 526 F.Supp. at 1214; *Soam, supra*, 506 F.Supp. at 308; and the stage of the lawsuit, *Shaw, supra*, 526 F.Supp. at 1214. *See also, Stanhope v. Ford Motor Credit Co., Inc.*, 483 F.Supp. 275 (W.D.Ark.1980); *Adams v. Beland Realty Corp.*, 187 F.Supp. 680 (E.D.N.Y. 1960).

The plaintiff states she intended to consolidate this case with the companion suit still pending in state court, which would be the logical course. As colorfully put by a New York state court, trying to distinguish between a joint trial and consolidation,

> ... the provision for genuine "consolidation" is more fundamental, somewhat like Siamese twins—legislatively begotten and judicially mid-wifed. In normal circumstances, they are expected to be continued that way without later operative procedures for the purposes of separation after the joinder had appeared to serve its own purposes.

*Vidal v. Sheffield Farms Co.*, 208 Misc. 438, 141 N.Y.S.2d 82, 84 (Sup.Ct.1955). Perhaps more concisely put later in the same opinion, consolidation is "joinder for all purposes of the litigation." *Id.*, 141 N.Y.S.2d at 85. The amended complaint before us would essentially be the working complaint had these two lawsuits been consolidated. While plaintiff had not made the motion for consolidation before Codman removed, it is clear that consolidation is generally liberally allowed, and it would be highly unlikely that such a motion would

have been denied. *See Sodus Fruit Farm v. Williams,* 181 Misc. 397, 399, 41 N.Y. S.2d 49, 51–52 (Sup.Ct.1943).

The amended complaint is substantially different from the original complaint since it consolidates the two complaints entirely. While there is no doubt that the plaintiff knew of the additional defendants at the time the complaint was filed against Codman, a motion to consolidate would have meant that it was unnecessary to name them in the second complaint. The new parties are well aware of the existence of the lawsuit and cannot be said to suffer any prejudice as a result of the amendment. Nor can we see any substantial prejudice to the original defendant, Codman, in having to defend a products liability lawsuit in state court. In contrast, plaintiff is prejudiced in having to press her lawsuit in two different forums, when the factual background is overlapping, if not identical. Lastly, there is more than a hypothetical possibility of a multiplicity of lawsuits.

In light of these considerations, we grant the plaintiff's motion to amend the complaint. There is no evidence of fraud in plaintiff's motion to amend. While plaintiff is obviously motivated in part to avoid removal jurisdiction, the motivation would appear to be more related to avoiding multiple litigation rather than federal jurisdiction. The addition of NYU Medical Center defeats diversity jurisdiction, and necessitates a remand. While there has been some discussion in the case law as to whether a remand or a dismissal is appropriate under these circumstances, we are in agreement with those courts which find remand the appropriate remedy. *See Shaw v. Munford,* 526 F.Supp. 1209, 1215 (S.D.N.Y.1981); *Soam Corp. v. Trane Co.,* 506 F.Supp. 302 (S.D.N.Y.1980); *Stanhope v. Ford Motor Credit Co., Inc.,* 483 F.Supp. 275 (W.D.Ark.1980).

The case is remanded to the Supreme Court of New York, New York County.

SO ORDERED.