**ACME ELECTRIC CORPORATION, Plaintiff,**

v.

**SIGMA INSTRUMENTS, INC., Defendant.**

**No. CIV–86–1139E.**

United States District Court, W.D. New York.

June 29, 1988.

Edward J. Wagner, Buffalo, N.Y., for plaintiff.

Robert B. Conklin, Buffalo, N.Y., for defendant.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

The plaintiff, Acme Electric Corporation ("Acme"), brought suit in New York State Supreme Court, Allegany County, against the defendant, Sigma Instruments, Inc. ("Sigma"), a foreign corporation, for breach of contract concerning the sale of certain electronic relays by Sigma to Acme. On November 21, 1986, pursuant to 28 U.S.C. § 1441 and grounds for diversity jurisdiction, Sigma removed this action to federal court.

By order of this Court dated December 31, 1986, as authorized by 28 U.S.C. § 636(b)(1)(A), this action was referred to the Honorable Edmund F. Maxwell, United States Magistrate for the Western District of New York, for all pre-trial procedures and determinations of non-dispositive motions.

During discovery proceedings Acme learned of the involvement of Summit Distributors Inc. ("Summit"), a New York corporation. Thereafter, Acme moved to amend its Complaint to add Summit as a party defendant. The motion was granted by order of the Magistrate dated November 4, 1987.

On November 16, 1987 Sigma moved this Court to vacate the Magistrate's Order and for a determination of the issues raised by Acme's motion to amend. Sigma objected here to the order as being beyond the authority of the Magistrate in that the granting of the motion was dispositive in that it destroyed diversity jurisdiction and required a remand to the state court.

■ Fed.R.Civ.P. rule 72(a) authorizes a magistrate to hear and determine pre-trial motions not dispositive of a party's claim or defense. 28 U.S.C. § 636(b)(1)(A) provides that

> "a magistrate [may] hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, * * *, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law."

Acme's motion to add Summit as a defendant does not explictly fall within any of the stated exceptions to section 636(b)(1)(A). Upon remand to state court all parties will be able to assert any claim or defense permitted in this Court. Accordingly, this Court finds that the Magistrate's Order was non-dispositive of any claim or defense and, therefore, must be affirmed unless "clearly erroneous or contrary to law." See *Walker v. Union Carbide Corp.*, 630 F.Supp. 275 (D.Me.1986); *Jacobsen v. Mintz, Levin, Cohn, Ferris, Glorsky, & Popeo, P.C.*, 594 F.Supp. 583 (D.Me.1984); 28 U.S.C. § 636(b)(1)(A).

■ Past precedent establishes that the Magistrate's Order is not clearly erroneous or contrary to law. Substantial case law holds that a party may amend its pleadings even if the amendment destroys diversity jurisdiction and causes a remand to a state court. *Desert Empire Bank v. Ins. Co. of North America*, 623 F.2d 1371 (9th Cir. 1980); *Kamunda v. Harley Davidson Motor Co., Inc.*, Civ. No. 84–462C (W.D.N.Y. 1986); *McIntyre v. Codman and Shurt-*

*leff, Inc.*, 103 F.R.D. 619 (S.D.N.Y.1984); *Shaw v. Munford*, 526 F.Supp. 1209 (S.D. N.Y.1981); *Soam Corp. v. Trane Co.*, 506 F.Supp. 302 (S.D.N.Y.1980); *Miller v. Davis*, 464 F.Supp. 458 (D.D.C.1978); *Harper Financial Corp. v. Hanson Oil Corp.*, 403 F.Supp. 1405 (W.D.Tenn.1975). Amendments for non-diverse joinder have been granted where the movant complies with the specific requirements of Fed.R. Civ.P. rules 15 and 20 and where granting the motion comports with "principles of fundamental fairness."[1] *Kamunda v. Harley Davidson Motor Co., Inc., supra,* at 10; *McIntyre v. Codman and Shurtleff Inc., supra,* at 622; *Shaw v. Munford, supra,* at 1213; *Desert Empire Bank v. Ins. Co. of North America, supra,* at 1375.

■ The specific requirements of rules 15 and 20 have been complied with in the instant case. Rule 15 states that leave to amend shall be "freely given when justice so requires." Rule 20 provides for permissive joinder of defendants if the claim arises from the "same transaction" and where "[common] questions of law and fact * * * will arise in the action." The action here concerns the same transaction—*viz.*, a contract for the sale of electronic relay components entered into by Acme and both Sigma and Summit. The claim will include common questions of fact and law—among them whether the relays sold by Sigma and Summit were defective and constituted a breach of contract, whether they agreed to indemnify Acme against all claims and expenses as a result of such defects, and to what extent they are liable for damages.

■ The foremost principle of fundamental fairness requires this Court to insure that Acme's motivation for adding Summit was not to destroy diversity jurisdiction. *Kamunda v. Harley Davidson Motor Co. Inc., supra,* at 10; *McIntyre v. Codman and Shurtleff Inc., supra,* at 1375. The

---

**1.** The Fifth Circuit Court of Appeals has held that a non-diverse party must be indispensable before joinder will be permitted. *In Re Merrimack Mut. Fire Ins. Co.* 587 F.2d 642, 647 (5th Cir.1978). In *Desert Empire, supra,* the Ninth Circuit rejected this approach and held that a non-diverse party need only be considered "proper" before allowing joinder. *Desert Empire Bank v. Ins. Co. of North America, supra,* at 1374. Noting no Second Circuit court ruling on this matter, this Court has recently decided to adopt the approach used in *Desert Empire. See Kamunda v. Harley Davidson Motor Co., Inc., supra,* at 9. The Magistrate's decision to follow *Kamunda* is not clearly erroneous or contrary to law.

papers presented clearly support the Magistrate's conclusion that Acme was not so motivated. Acme's counsel avers that his decision to amend was based on the facts of the case and not a wish to destroy diversity. Reply Affidavit, Edward J. Wagner, Esq., (sworn to September 18, 1987), ¶ 8. Counsel further avers that only during discovery proceedings did he learn of Summit's intermediate role in the case and immediately thereafter moved to amend to add Summit. *Id.* ¶ 5.

Other courts have permitted joinder of non-diverse parties when, as in this case, the action is in the early stages of discovery. See *Soam Corp. v. Trane Co.*, *supra*, at 308; *Harper Financial Corp. v. Hanson Oil Corp.*, *supra*, at 1407. In *Soam* the court ruled that a plaintiff's motion to add a non-diverse defendant was permissible where there had been no showing that joinder was purposed to destroy diversity and that the plaintiff "was ignorant of the true relationship between [the defendants]". *Soam Corp. v. Trane Co.*, *supra*, at 308. In *Harper*, joinder was permitted where a plaintiff was "not in possession of the full facts" when the suit had first been filed and, having "[u]tiliz[ed] discovery for one of its intended purposes," learned that other parties might be liable as defendants. *Harper Financial Corp. v. Hanson Oil Corp.*, *supra*, at 1407.

In resolving this issue, courts have also considered the need to conserve scarce judicial resources and have permitted joinder destroying diversity jurisdiction so as to avoid the possibility of multiple lawsuits. *Shaw v. Munford*, *supra*, at 1214; *Miller v. Davis*, *supra*, at 460. Acme has indicated that if its motion is denied it would probably commence a separate state court action against Summit, requiring two courts to hear almost identical claims. The Magistrate's decision therefore supports courts' preference for husbanding limited judicial resources by enabling all the parties to settle their claims in a single forum.

Moreover, remand to state court does not significantly prejudice Sigma. Had Acme been aware of Summit's involvement from the start, Summit would have been named as an original defendant and the action would have remained in state court. Sigma therefore has not been put in a more detrimental position as a result of the Magistrate's Order. Additionally, Acme's agreement to provide Sigma with such discovery as is provided under the Federal Rules of Civil Procedure negates Sigma's claim of prejudice from the more limited state rules of discovery.

The Magistrate's determination is well supported by facts in the motion papers and is not contrary to the related case law.

Accordingly, it is hereby ORDERED that Sigma's motion to vacate Magistrate Maxwell's Order is denied, that the Magistrate's Order is affirmed and that this action is remanded to the Supreme Court of New York, Allegany County.