**Elma HOFF and Henry Hoff, Plaintiffs,**

v.

**ZIMMER, INC., Central States Health & Life Company of Omaha, and Alias Defendant No. 1, Defendants.**

**No. 90–C–293–C.**

United States District Court, W.D. Wisconsin.

Oct. 10, 1990.

Gregory J. Egan, LaCrosse, Wis., for plaintiffs.

Joan L. Eads, Madison, Wis., Edward D. Hotz, Omaha, Neb., for defendants.

## OPINION AND ORDER

CRABB, Chief Judge.

In this civil action for money damages plaintiff Elma Hoff alleges that she sustained personal injuries following surgical implantation of a hip prosthesis manufactured and sold by defendant Zimmer, Inc. Defendant removed the action to this court pursuant to 28 U.S.C. § 1441(a), asserting diversity jurisdiction. The case is presently before the court on plaintiffs' motion to amend the complaint to add a non-diverse defendant, Luther Hospital, and to remand the case to state court.

Plaintiffs contend that the amendment should be granted under Fed.R.Civ.P. 15 (amendment of pleadings) or Fed.R.Civ.P. 20(a) (joinder of parties). Defendant Zimmer, Inc. contends that the proposed amendment is a ploy to defeat diversity jurisdiction and should be denied on that ground. Alternatively, defendant maintains that the proposed amendment has no legal merit. I conclude that the motion to amend must be denied because the pro-posed amended complaint fails to state a claim against Luther Hospital on which relief could be granted. Neither Fed.R. Civ.P. 15 nor Fed.R.Civ.P. 20(a) supports the amendment of a complaint to add a party against whom no viable claim is asserted.

From the record in this case, and for the purpose only of deciding this motion, I make the following findings of undisputed material facts.

## FACTS

Plaintiffs Elma and Henry Hoff are residents of the state of Wisconsin. Defendant Zimmer, Inc. is a business enterprise incorporated in the state of Delaware, which manufactures, sells, and distributes hip prosthetic devices which are designed for surgical implantation into human bodies. (All further references to "defendant" will be to this defendant only.) Central States Health & Life Company of Omaha is an insurance company whose home office is in Omaha, Nebraska. It may have a subrogation interest in a portion of the proceeds of the action. Luther Hospital is a Wisconsin corporation.

On February 19, 1980, plaintiff Elma Hoff underwent a total hip replacement at Luther Hospital. At that time, the prosthesis manufactured by defendant was implanted on the left side of her body.

On March 22, 1990, plaintiffs filed suit in Trempealeau County Circuit Court for personal injuries sustained by Elma Hoff following an alleged failure of the hip prosthesis.[1]

On April 20, 1990, defendant filed an answer and notice of removal to federal district court. Defendant asserts as an affirmative defense that any injuries sustained by the plaintiffs were "proximately caused, in whole or in part, by the acts, omissions, fault, or other conduct of persons or parties other than Zimmer, Inc., including without limitation the plaintiffs themselves."

---

1. When they filed their complaint in state court, plaintiffs did not specify the amount of damages they are seeking. Defendant Zimmer, Inc. states on information and belief that the controversy exceeds $50,000. Plaintiffs have not disputed this statement.

On May 22, 1990, plaintiffs filed a motion to amend the complaint and remand it to state court. The proposed amendment seeks to join Luther Hospital as a defendant with respect to plaintiffs' strict liability claim only. The remaining claims of negligence, breach of warranty, and misrepresentation are asserted only against defendant Zimmer, Inc.

## OPINION

Plaintiffs cite Fed.R.Civ.P. 15 and 20(a) to support their argument that they should be allowed to amend their complaint to include Luther Hospital as a defendant on their strict liability claim, and that the case should be remanded to state court for lack of diversity jurisdiction. Fed.R.Civ.P. 15 provides that when leave of the court is required to amend, it "shall be freely given when justice so requires." Fed.R.Civ.P. 20(a) permits joinder of a party "needed for just adjudication" when the right to relief arises out of the same transaction or series of transactions and there are common questions of law or fact with respect to all defendants.

■ Although proposed amended complaints are to be viewed liberally, at a minimum they must include facts that, if proven, would provide an adequate basis for each claim. *Gray v. Dane County*, 854 F.2d 179 (7th Cir.1988) (citing *Rodgers v. Lincoln Towing Service, Inc.*, 771 F.2d 194, 198 (7th Cir.1985)). Similarly, Fed.R. Civ.P. 20(a) was designed to allow a plaintiff to join only those parties against whom the plaintiff has a legitimate claim. *Intercon Research v. Dresser Industries*, 696 F.2d 53, 58 (7th Cir.1982).

■ A review of the applicable Wisconsin law indicates that any claim made against Luther Hospital on a theory of strict liability would fail as a matter of law. Accordingly, plaintiff's amended complaint should not be allowed either in the interests of justice, or on the ground that Luther Hospital is a party needed for just adjudication of plaintiffs' claims.

The doctrine of strict liability applied by Wisconsin courts is contained in the Re-

statement (Second) of Torts § 402A (1965). Section 402A provides that *manufacturers* or *sellers* of defective and unreasonably dangerous products are liable, without proof of negligence or other fault, for injuries caused by such products to the user or consumer. Generally, courts will not apply the doctrine of strict liability to a hospital or medical practitioner for injuries caused by medical instruments, drugs or other substances used in treatment. *See, e.g., Hoven v. Kelble*, 79 Wis.2d 444, 256 N.W.2d 379 (1977); *Vergott v. Deseret Pharmaceutical Co., Inc.*, 463 F.2d 12 (5th Cir.1972) (hospital cannot be held strictly liable for injuries caused by defective intercath needle because hospital is not a seller engaged in business of selling the product); *North Miami General Hosp., Inc. v. Goldberg*, 520 So.2d 650 (Fla.Dist.Ct.App. 1988) (overturning jury's verdict of strict liability against hospital for injuries suffered as a result of malfunction of electrosurgical grounding pad; holding that hospital is not a business within product's distributive chain but more like a consumer that employs a product in the course of providing medical services); *Nevauex v. Park Place Hosp., Inc.*, 656 S.W.2d 923 (Tex.Ct.App.1983) (hospital not liable for misapplication of cobalt radiation, because it is not a "merchant" dispensing radiation treatment).

In *Hoven v. Kelble*, 79 Wis.2d 444, 256 N.W.2d 379, for example, the Supreme Court of Wisconsin held that plaintiffs could not bring a claim of strict liability against a hospital for allegedly defective medical services rendered when a patient undergoing a lung biopsy suffered a cardiac arrest and consequent injury to his nervous system and brain tissue. The court recognized that while there are some justifications for holding the medical profession strictly liable for the products they use in the course of treatment, those justifications are outweighed by other factors. These include the peculiar characteristics of medical services, such as 1) a tendency to be experimental; 2) a dependence on factors beyond the control of the professional; and 3) a lack of certainty or assurance of results. In addition, any imposition

of the theory of strict liability on medical providers would increase the cost of medical services beyond the means of consumers and hinder the development of new medicines and medical techniques. *Id.* at 467–472, 256 N.W.2d at 390–393.

Plaintiffs suggest that this court should read *Hoven* to permit a products liability claim against a hospital when the injury is caused by a defective product supplied by a hospital to a doctor who uses the product in rendering medical services at the hospital. Although such a holding is not precluded explicitly by *Hoven*, it would be inconsistent with the court's reasoning. Whether the injury results from the treatment provided (or omitted) or from the product used in the treatment, the same public policy reasons support the denial of strict liability to a provider of medical services.

Courts in other states have reached similar conclusions. For example, in *Silverhart v. Mt. Zion Hospital*, 20 Cal.App.3d 1022, 98 Cal.Rptr. 187 (1971), a patient brought a strict liability action against the hospital for damages allegedly sustained when a surgical needle broke during an operation and became permanently lodged in the patient's body. The court denied the claim, holding that the hospital had merely furnished the product in connection with its business of treating a patient.

In reaching its decision in *Silverhart*, the California Court of Appeals adopted the rationale in *Magrine v. Krasnica*, 94 N.J. Super. 228, 227 A.2d 539 (Law Div.1967), *aff'd sub nom. Magrine v. Spector*, 100 N.J.Super. 223, 241 A.2d 637 (App.Div. 1968), *aff'd* 53 N.J. 259, 250 A.2d 129 (1969). At issue was a strict liability claim against a dentist whose drill broke as a result of a latent defect causing injury to the patient. In denying the claim, the New Jersey court explained,

the *essence* of the transaction between the retail seller and the consumer relates to the *article sold*. The seller is *in the business* of supplying the product to the consumer. It is that, and that alone, for which he is paid. A dentist or a physician offers, and is paid for, his professional services and skill. That is the *essence* of the relationship between him and his patient.

*Id.* at 235, 227 A.2d at 543 (emphasis in original). The California court of appeals held specifically that although the New Jersey court's decision was in the context of the actions of a dentist or physician, the rationale applied with equal force to a hospital.

In *Cutler v. General Electric Co.*, 4 U.C. C.Rep.Serv. 300 (N.Y.Sup.Ct.1967), the New York supreme court held that a doctor's surgical insertion of a pacemaker into a patient did not constitute a transaction covered by Article 2 of the Uniform Commercial Code. The court dismissed an action for breach of warranty against the treating physician and the hospital, holding that payment by a patient to a hospital for the cost of a pacemaker does not create the relationship of seller and purchaser. The supplying of the pacemaker was secondary to the services performed by the hospital. The court concluded that neither the hospital nor doctor was in the business of selling surgical appliances, and that the primary engagement was the care and treatment of the patient. *See also Hector v. Cedars-Sinai Medical Center*, 180 Cal.App.3d 493, 225 Cal.Rptr. 595 (1986) (hospital not strictly liable for defective pacemaker); *Probst v. Albert Einstein Medical Center*, 82 A.D.2d 739, 440 N.Y.S.2d 2 (1981) (hospital not strictly liable fo · defective spinal rod broken after surgical implantation); and cases cited *supra* at p. 874.

Plaintiffs cite no case in which a court has applied the theory of strict liability to a hospital or other medical provider.[2] In-

2. Plaintiffs place unwarranted reliance on *McIntyre v. Codman Shurtleff, Inc.*, 103 F.R.D. 619 (S.D.N.Y.1984), in arguing their motion to amend. In *McIntyre*, the plaintiff was permitted to amend the complaint to add New York University Medical Center, a non-diverse party, to a products liability case against the manufacturer of a neurosurgical device. However, the court viewed the amended complaint as alleging a claim of medical malpractice against the Medical Center, and therefore did not find it necessary to discuss the potential legal merits of a strict liability claim against the hospital. *Id.* at 621. Moreover, a companion malpractice law-

stead, they rely on language in *Hoven* to the effect that

> [a] number of decisions in other jurisdictions have allowed recovery on the basis of strict liability ... where the injury was due to a defective product supplied or used in the course of rendering a service to the plaintiff.

*Hoven,* 79 Wis.2d at 461–462, 256 N.W.2d at 388. Read in context, this statement does not support plaintiffs' position. Indeed, in the footnote to the statement, the state supreme court identifies only one case in which the plaintiff was successful in advancing the theory. That case was brought against a beauty parlor owner who was held strictly liable for injuries to a customer from a defective permanent wave lotion. *Id.* at 462 n. 10, 256 N.W.2d at 388 n. 10. Beauty parlors are readily distinguishable from medical providers, for the reasons identified by the state supreme court. Holding beauty parlors strictly liable for injuries resulting from defective products would not have the kind of adverse impact on society that would flow from making medical providers strictly liable. The other cases cited concern strict liability claims for transmission to patients of serum hepatitis through transfusion of blood carrying the virus. The court noted that in Wisconsin and many other states, the legislatures have enacted statutes to preclude applicability of strict liability in contaminated blood cases. More to the point, the Wisconsin supreme court did not view the blood transfusion cases as persuasive.

I conclude that because the state supreme court has refused to recognize a claim of strict liability against a medical provider, and because it seems unlikely the state court will do so in the future in light of the trends in other jurisdictions, plaintiffs' proposed amendment lacks legal mer-

it. Whether the proposed amended complaint against Luther Hospital alleges damages arising from a defective product or damages arising from defective services, the allegations do not make out a viable claim of strict liability.

Insofar as plaintiffs seek an order granting leave to amend the complaint pursuant to Fed.R.Civ.P. 15, it is not in the interest of justice to permit them to amend their complaint to join Luther Hospital as a defendant because the claim proposed against the hospital is meritless. It could not survive a motion to dismiss for failure to state a claim on which relief may be granted. Also, insofar as plaintiffs seek an order granting leave to amend the complaint pursuant to Fed.R.Civ.P. 20(a), their failure to state a viable cause of action against the hospital renders invalid their assertion that the hospital is "a party needed for just adjudication" of the claims made in this case.[3]

With this resolution of the motion, I need not address defendant's contention that plaintiffs' motion to amend should be denied as an improper attempt to avoid federal diversity jurisdiction.

## ORDER

IT IS ORDERED that plaintiffs' motion to amend the complaint to add a non-diverse party and to remand the case to the Circuit Court for Trempealeau County, Wisconsin is DENIED.

suit was pending in state court. Leave to amend was granted and the case was remanded to the state court for consolidation with the pending suit in order to avoid multiple litigation.

**3.** Plaintiffs assert that it would be unfair to allow the defendant to imply in its affirmative defense that the plaintiffs' harm was caused by

Luther Hospital without permitting the hospital to be joined as a defendant. However, nothing in the defendant's affirmative defense suggests that defendant believes Luther Hospital is strictly liable for the hip prosthesis at issue, and plaintiffs have chosen not to assert against the hospital claims of negligence, misrepresentation, or breach of a duty of reasonable care.