**Donald E. KING, Sr., Plaintiff,**

v.

**JAMES RIVER–PEPPERELL, INC., et al., Defendants.**

Civ. A. No. 84–898–C.

United States District Court, D. Massachusetts.

Oct. 12, 1984.

Frederick T. Golder, Golder & Shubow, Boston, Mass., for plaintiff.

Terry Philip Segal, Boston, Mass., for defendant James River-Pepperell, Inc.

Nathan S. Paven, James F. Norton, Quincy, Mass., for defendants United Paperworks Int'l Union AFL–CIO and its Local 534.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action originally brought in the Superior Court for Middlesex County, Commonwealth of Massachusetts, and removed to this Court. Plaintiff Donald E. King, Sr., is a former employee of defendant James River Pepperell, Inc. ("James River"). Plaintiff alleges, generally, that defendant James River discharged him to prevent him from qualifying for disability retirement benefits in violation of state law and in violation of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* Subsequent to the voluntary dismissal of counts against two other defendants, James River made a motion to dismiss, or, in the alternative, for summary judgment. On September 7, 1984, the Court ruled on that motion, dismissing the ERISA count for failure to exhaust administrative remedies and dismissing the state law count without prejudice. 592 F.Supp. 54. The case is now before the court on motions to amend the September 7 order. The plaintiff requests amendment to remand the state law claim to state court. The defendant, arguing that the state law claim is preempted by ERISA, requests that it be dismissed with prejudice.

 If the state law claim in Count II is found to be preempted, it falls within the "arising under" jurisdiction of the court and is appropriate for adjudication regardless of the dismissal of the other federal question counts. *Avco Corp. v. Aero Lodge,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). Therefore, the issue of preemption is pivotal to the determination of the case.

ERISA prohibits the discharge of any employee "for the purpose of interfering with the attainment of any right to which such participant may become entitled..." 29 U.S.C. § 1140. Violations of § 1140 are enforceable through a private action under 29 U.S.C. § 1132. ERISA contains a supersedure clause, under which its provisions preempt "all State laws insofar as they ... relate to any employee benefit plan...." 29 U.S.C. § 1144(a). State law includes all "laws, decisions, rules, regulations, or other state action having the effect of law..." 29 U.S.C. § 1144(c)(1). The Court of Appeals for the First Circuit found that § 1144 is not limited to "conflicting or duplicate state law," but applies "the principle [of preemption] in its broadest sense." *Wadsworth v. Whaland,* 562 F.2d 70, 77 (1st Cir.1977).

The substance of count II is that James River unlawfully terminated the plaintiff's employment to deprive him of disability retirement benefits, and that this action gives rise to a common law action for bad faith or wrongful termination of employment. The relief prayed for is reinstatement in order that plaintiff may become eligible for benefits, as well as punitive damages and attorney's fees. The thrust of count II is that the plaintiff has been wrongfully deprived of his disability retirement benefits.

 *Wadsworth* makes it clear that preemption does not occur only where a state claim is identical to a claim under ERISA. The critical inquiry is whether the state claim "relates to" an employment benefit plan within the contemplation of § 1144. *Shaw v. Delta Airlines,* 463 U.S. 85 at ——, 103 S.Ct. 2890, 2899, 77 L.Ed.2d 490 (1983). A state claim "relates to" a plan if it has a connection with or reference to such a plan. *Id.* at ——, 103 S.Ct. at 2900. Under this definition count II is related to an employment plan both in the nature of the claim and in the relief

sought. Furthermore, it complains of actions by the defendant nearly identical to those actions prohibited by § 1140 of ERISA. There has been no contention, nor is there any indication, that the claim falls under any exception to the broad sweep of § 1144. This leads to the conclusion that the plaintiff's state law claim is preempted by ERISA. *See Delisi v. United Parcel,* 580 F.Supp. 1572 (D.L.W.D.PA.1984). Therefore, I rule that count II, as a preempted state law claim, is within the original and removal jurisdiction of the court and should be dismissed with prejudice.

Order accordingly.