**Carol HOLT, Plaintiff,**

v.

**TONAWANDA COKE CORPORATION, Defendant.**

**No. CIV. 91–17S.**

United States District Court,
W.D. New York.

March 22, 1991.

---

## DECISION AND ORDER

FOSCHIO, United States Magistrate Judge.

This is a motion for remand under 28 U.S.C. § 1447(c) to the New York State Supreme Court. Plaintiff urges that defendant's removal, based upon the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*, ("ERISA") was improper because her complaint alleges only state law based causes of action and that the defendant-employer's disability benefits, which are the subject of plaintiff's claims, are outside the protection of ERISA. For the reasons developed below, the motion is denied.

## BACKGROUND

Plaintiff's action alleging violations of New York Executive Law § 296(1)(a) (McKinney, 1990) and New York Labor Law § 198 (McKinney, 1990), was commenced December 12, 1990 in New York State Supreme Court, Erie County. On January 10, 1991 the action was removed to this court. All pretrial proceedings, including non-dispositive motions, were referred to this magistrate judge by order of District Court Judge William M. Skretny on February 2, 1991. Plaintiff moved on February 8, 1991 to remand and to assess costs and expenses including attorney's fees. Following the filing of their respective memoranda of law, the parties orally argued the motion on March 5, 1991, and thereafter submitted additional materials for the court's consideration.

## DISCUSSION

■ A magistrate judge has, under 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure, authority to hear and determine non-dispositive pretrial motions. A motion to remand is not dispositive since a decision on the motion decides only the question of whether there is a proper basis for federal jurisdiction to support removal, and neither reaches nor determines the merits of a plaintiff's claims or a defendant's defenses or counterclaims. Following the decision on removal the parties may prosecute such claims or defenses, including related dispositive motions, if any, in whichever court the decision may direct the action to proceed. A remand motion also is not among those motions which are specifically excluded from a magistrate judge's authority to hear and determine any pretrial matter pending before the court. Accordingly, a magistrate judge has authority to hear and determine this motion under Rule 13(a) of the Local Rules of this district. See, *McDonough v. Blue Cross of Northeastern Penn.*, 131 F.R.D. 467, 472 (W.D.Pa.1990); *Acme Electric Corp. v. Sigma Instruments, Inc.*, 121 F.R.D. 26 (W.D.N.Y.1988); *North Jersey Savings & Loan v. Fidelity & Deposit Co.*, 125 F.R.D. 96 (D.N.J.1988); *Jacobsen v. Mintz, et al.*, 594 F.Supp. 583 (D.Me.1984). A contrary holding in *Giangola v. Walt Disney World Company*, 753 F.Supp. 148 (D.N.J.1990), is not persuasive, and, in view of the decision in *Acme Electric, supra*, is not likely to be followed in this district.

■ A civil action filed in a state court may be removed to a district court of the United States for the place where the action is pending if the action is one over which the district courts of the United States have original jurisdiction. 28 U.S.C. § 1441(a). Since state and federal courts are granted concurrent jurisdiction over actions to recover benefits due a participant under ERISA, 29 U.S.C. § 1132, the district court would acquire jurisdiction if the requirements of 28 U.S.C. § 1441(a) are met.* District courts have "... original jurisdiction of all civil actions arising under the ... laws of the United States." 28 U.S.C. § 1331. A claim arises under federal law if it appears on the face of a well-pleaded complaint that a "... right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First National Bank in Meridian*, 299 U.S. 109, 112–113, 57 S.Ct. 96, 97–98, 81 L.Ed. 70 (1936); *Taylor v. Anderson*, 234 U.S. 74, 75–76, 34 S.Ct. 724, 724, 58 L.Ed. 1218 (1914); *Travelers Indemnity Company v. Sarkisian*, 794 F.2d 754, 758 (2d Cir.1986), *cert. denied*, 479

---

* Under the "derivative jurisdiction" doctrine, the federal courts only acquire jurisdiction by removal of cases that the state court from which they were removed also had jurisdiction. See, *Freeman v. Bee Machine Co.*, 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509 (1943); *Lambert Run Coal Co. v. Baltimore & O.R. Co.*, 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671 (1922). This rule was reaffirmed in *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983):

Indeed, precedent involving other statutes granting exclusive jurisdiction to the federal courts suggests that, if such an action were not within the class of cases over which state and federal courts have concurrent jurisdiction, the proper course for a federal district court to take after removal would be to dismiss the case altogether, without reaching the merits. *Franchise Tax Board*, 463 U.S. 1, 24 n. 27, 103 S.Ct. 2841, 2854 n. 27, 77 L.Ed.2d 420 (1983).

U.S. 885, 107 S.Ct. 277, 93 L.Ed.2d 253 (1986).

Even if state law creates a plaintiff's cause of action, "... its case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 13, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983). However, "... a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Board v. Construction Laborers Vacation Trust, supra,* 463 U.S. at 14, 103 S.Ct. at 2848–49.

Although, "the party who brings the suit is master to decide what law he will rely upon....", *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913), in certain circumstances "... a plaintiff may not defeat removal by clothing a federal claim in state garb, or as it is said, by use of 'artful pleading'." *Travelers Indemnity Company v. Sarkisian, supra,* 794 F.2d at 758. This is particularly true where, as in the instant case, "... [i]f the only remedy available to plaintiff is federal, because of pre-emption or otherwise, and the state court necessarily must look to federal law in passing on the claim, the case is removable regardless of what is in the pleading." 14A C. Wright, A Miller & E. Cooper, Federal Practice and Procedure § 3722, at 268–275 (2d ed. 1985). It is also clear that "... if a federal cause of action completely preempts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." *Franchise Tax Board v. Construction Laborers Vacation Trust, supra,* 463 U.S. at 24, 103 S.Ct. at 2854; *Avco Corp. v. Aero Lodge,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968); *Cahall v. Westinghouse Electric Corp.,* 644 F.Supp. 806, 810 (E.D.Pa.1986). See, *Gilbert v.*

*Burlington Industries, Inc.,* 765 F.2d 320, 328 (2d Cir.1985), *aff'd mem.,* 477 U.S. 901, 106 S.Ct. 3267, 91 L.Ed.2d 558 (1986).

■ ERISA makes it "... unlawful ... to *discharge,* fine, *suspend,* expel, discipline, or *discriminate* against a participant or beneficiary for exercising *any* right to which he is entitled under the provisions of an employee welfare benefit plan, ... or for the purpose of *interfering with the attainment of any right* to which such participant may become entitled under the plan ..." 29 U.S.C. § 1140 (emphasis added). An employee welfare benefit plan subject to ERISA is broadly defined to include "... *any* plan, fund or program ... established or maintained by an employer for the purpose of providing ... benefits in the event of sickness, accident, *disability,* death or unemployment ...", to an employee. 29 U.S.C. § 1002(1), (2), (7). (emphasis added). Section 502 of ERISA also provides to an employee a cause of action to recover benefits due the employee under a welfare benefit plan, and gives United States district courts jurisdiction over such actions without regard to the amount in controversy or citizenship of the parties. 29 U.S.C. § 1132. The provisions of ERISA "... supersede any and all State laws ... as they may ... *relate to any employee benefit plan....*" 29 U.S.C. § 1144. (emphasis added).

In *Metropolitan Life Insurance Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) the Court considered whether state causes of action for compensatory damages and mental anguish caused by a breach of contract, wrongful discharge, and retaliation, "... as well as immediate reimplementation of all benefits and insurance coverage Plaintiff is entitled to ...", under the defendant-employer's disability benefit plan, were removable to federal court. The Court held that, notwithstanding the well-pleaded complaint rule, plaintiff's contract and tort claims related to an employee welfare benefit plan and were pre-empted by ERISA. The Court also held that plaintiff's suit was one to recover benefits from a plan covered by ERISA and therefore fell "directly" within

the "... *exclusive federal cause of action* for resolution of such disputes ...", provided under § 502 of ERISA. 481 U.S. at 62–63, 107 S.Ct. at 1545–46. (emphasis added). Accordingly, the Court held that, regardless of the asserted state law based claims, the action was, because of a "clearly manifested" Congressional intent, "necessarily federal in character" and properly removed to federal court. 481 U.S. at 66–67, 107 S.Ct. at 1547–48.

In *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990), the Court reversed the state court's refusal to apply ERISA to an employee's claims related to his wrongful discharge because of the employer's alleged desire to avoid contributing to the employee's pension fund. To determine whether the plaintiff's claims were related to a benefit plan and thereby pre-empted by ERISA, the Court applied the test it had established in *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983) that "[a] law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Airlines, Inc., supra*, 463 U.S. at 96–97, 103 S.Ct. at 2899. The Court concluded that the plaintiff's claims did relate to an employee benefit plan because under the elements of the cause of action, plaintiff would be required to prove that the principal reason for his discharge "... was the employer's desire to avoid contributing to or paying benefits under the employee's pension fund." *Ingersoll–Rand, supra*, 498 U.S. at ——, 111 S.Ct. at 483.

The Court further held that the state claim was also preempted because the complaint alleged conduct made actionable under the exclusive remedy provided by ERISA in § 510, 29 U.S.C. § 1140. 498 U.S. at ——, 111 S.Ct. at 485. Although the specific type of plan in *Ingersoll–Rand, supra*, was a pension plan, the Court made clear that its holding also applied to similar claims related to other types of employee benefit plans covered by ERISA. 498 U.S. at ——, 111 S.Ct. at 486.

For example, unfunded severance pay policies have been held subject to ERISA as employee benefit plans. See, *Reichelt v. Emhart Corp.*, 921 F.2d 425 (2d Cir.1990); *Gilbert v. Burlington Industries, Inc., supra*. Both decisions also held state causes of action which attempted to enforce such benefits pre-empted. *Reichelt, supra* (contract based claims); *Gilbert, supra* (failure to pay wages and benefits under N.Y. Labor Law § 198–c, breach of contract, fraud, unjust enrichment, promissory estoppel and quantum meruit).

In this case Plaintiff has alleged in her Complaint that "... it historically has been and is defendant's custom, practice and *policy* to pay salaried employees full pay for a period of six months when a salaried employee is absent from work on a disability leave." Complaint ¶ 6. (emphasis added). Plaintiff further alleged that "... defendant terminated plaintiff's employment knowing she was on *disability leave*, because she was suffering from a *disability* and/or *was on a disability leave, and in order to avoid paying her a salary for the period of her disability.*" Complaint ¶ 10. (emphasis added). These and other allegations, including that "... plaintiff *was disabled* as a result of a pituitary adenoma", Complaint ¶ 4. (emphasis added), were realleged to form the basis of two causes of action, the first being that defendant "... has engaged in illegal discrimination in willful violation of New York Human Rights Law, Executive Law § 292(21)", Complaint ¶ 13, and the second, that defendant thereby "... deprived plaintiff of employment *benefits* properly due her in violation of common law and New York Labor Law § 198." Complaint ¶ 16. (emphasis added).

 If the conduct which is alleged by plaintiff to constitute the basis for its state claims is in actuality conduct which is actionable under ERISA, the claims are pre-empted and the action may be removed. *Cahall v. Westinghouse Electric, supra*, 644 F.Supp. at 810. ERISA, by its express terms, prohibits both discharge and discrimination in the exercise of, as well as interference with, an employee's right to

receive any benefit under a plan. 29 U.S.C. § 1140. The core of Plaintiff's complaint is that because of her disability defendant discharged her and refused to pay her as required by Defendant's "custom, practice or policy" on "disability leave" and that the Defendant had a discriminatory and benefit—defeating motive or purpose. In Plaintiff's view, such conduct creates liability under the state laws as she alleges. However, in this court's view, the conduct also falls squarely within the exclusive remedy ERISA provides. 29 U.S.C. § 1144.

Similar conduct (by employers) has been held to fall within ERISA's broad scope of protection creating a proper basis for removal. *Metropolitan Life Insurance Co. v. Taylor, supra,* (discharge for the purpose of denying disability benefits); *The Clorox Company v. United States Dist. Court for the Northern Dist. of California,* 779 F.2d 517 (9th Cir.1985) (wrongful denial of disability benefits); *Cahall v. Westinghouse Electric Corp., supra,* (discharge for the purpose of denying pension and lay-off protection benefits). Cf., *Ingersoll–Rand v. McClendon, supra,* (discharge for the purpose of denying pension benefits); *Gilbert v. Burlington Industries, Inc., supra,* (refusal to pay severance benefits); *King v. James River–Pepperell, Inc.,* 593 F.Supp. 1344 (D.Ma.1984), (discharge for the purpose of denying retirement disability benefits).

Plaintiff advances several arguments in support of her motion to remand. In particular, Plaintiff stresses that the Complaint does not allege the existence of a disability "plan" but only a "custom, practice or policy", and that the benefits sought are therefore outside the scope of ERISA's definition of an employee welfare benefit plan because they are "excluded payroll practices" as defined in 29 CFR § 2510. 3–1(b)(2). Neither argument is valid.

■ The statute itself defines the concept of a welfare benefit plan broadly to include "any plan, fund or program." 29 U.S.C. § 1002(1). The form that a complaint uses in attempting to describe the source of the benefit at issue is not controlling. A "plan, fund or program" exists for

purpose of ERISA liability "... if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of the financing, and the procedures for receiving benefits." *Donovan v. Dillingham,* 688 F.2d 1367 (11th Cir.1982). That each of these indicia exist, or can be determined to exist, as to the disability benefits alleged by Plaintiff to have been denied by defendant, are readily perceivable on the face of the Complaint. Further, the court in *Gilbert, supra,* found an ERISA plan to exist based on an alleged *"policy",* the same term used by Plaintiff to describe the source of her denied benefit. An allegation that a defendant "promised" to pay a claimed benefit has been held to bring the complaint within ERISA's definition of a plan. *Scott v. Gulf Oil Corp.,* 754 F.2d 1499, 1504 (9th Cir.1985). Cf., *Reichelt v. Emhart Corp., supra,* (defendant's "unvarying practice" of paying severance benefits may constitute an ERISA employee benefit plan).

That the benefit at issue is not an excluded payroll practice so as to take the Complaint out of ERISA's coverage is also clear from the Complaint itself. The Complaint describes Plaintiff as being "disabled" (Compl. ¶ 4.) and, in several instances, refers to her status at the time of discharge as being on "disability leave" (Compl. ¶¶ 8, 10). These descriptions, together with Plaintiff's allegation that her disability resulted from a serious medical problem requiring surgery, tend to demonstrate that Plaintiff is suing for something other than traditional sick leave wages, to which the regulation's exclusion would apply. See, *Shea v. Wells Fargo Armored Service Corp.,* 810 F.2d 372, 376 (2d Cir.1987).

■ To further support her argument that the disability benefit payments in question are not part of an ERISA plan, Plaintiff provided to the court several advisory opinions of the United States Department of Labor which concluded that, on the facts provided by the requesting parties, the various benefits in question were excluded payroll practices. Although such opinions may be given some weight, they

are more properly directed to the merits of this litigation and should not control this jurisdictional issue where the actual facts surrounding the allegation cannot be adequately developed. It may also be noted that to the extent those decisions rely upon the fact that the benefit schemes they analyzed were based on unfunded payments out of general assets, their vitality may be affected by the decision in *Gilbert, supra.*

■ Finally, Plaintiff argued that the Defendant should be precluded from removing the action because in its Answer, Defendant denied the existence of the "custom, practice and policy" to pay disability benefits as alleged by Plaintiff. It is well established that upon a motion for remand the appropriateness of the removal is to be considered on the basis of the complaint and not the answer or other papers that have been filed, particularly where the answer, as here, is filed after the date of the removal petition. See, *Gully v. First National Bank in Meridian, supra; Great Northern Railway Co. v. Alexander,* 246 U.S. 276, 38 S.Ct. 237, 62 L.Ed. 713 (1918). Plaintiff relies on *Davis v. American General Group Insurance Co.,* 732 F.Supp. 1132 (N.D.Ala.1990), but in *Davis* the defendant's motion to dismiss for failure to state an ERISA claim was filed simultaneously with the petition for removal, distinguishing that case from the one at bar. The general rule that only the complaint can provide the basis for the jurisdictional determination is more consistent with the basic purposes of the well-pleaded complaint rule. See, *Stone v. Stone,* 450 F.Supp. 919, 922 (N.D.Cal.1978), *aff'd,* 632 F.2d. 740 (9th Cir.1980), *cert. denied,* 453 U.S. 922, 101 S.Ct. 3158, 69 L.Ed.2d 1004 (1981).

## CONCLUSION

The Complaint alleges a denial of a benefit under an employee disability plan, a cause of action which is pre-empted by ERISA and thereby arises under federal law.

Since the court has determined that the case was properly removed, there is no basis for Plaintiff's request for costs and expenses including attorneys fees. See, *Cahall v. Westinghouse Electric Corp., supra.*

The Plaintiff's motion to remand and for costs and expenses is, accordingly, DENIED.

So ordered.