# HUMANA, INC., etc. v PEREZ v HUMANA CARE PLUS and LIST INDUSTRIES, INC.

## Case No. 88-19546 (01)

Seventeenth Judicial Circuit, Broward County

March 30, 1991

## OPINION OF THE COURT

JACK MUSSELMAN, Circuit Judge.

*ORDER GRANTING THIRD-PARTY DEFENDANT'S HUMANA CARE PLUS, MOTION TO DISMISS THIRD-PARTY PLAINTIFF'S SECOND AMENDED THIRD-PARTY COMPLAINT*

THIS CAUSE having come to be heard on Defendant's, Humana

Care Plus, Motion to Dismiss Third-party Plaintiff's second amended third-party complaint for failure to state a claim upon which relief can be granted with prejudice, and for appropriate sanctions and attorneys fees, and the Court having heard argument of counsel, and being otherwise advised in the premises, it is hereby

ORDERED and ADJUDGED that,

1. In the case presently before the Court, the Third-party Plaintiff's initial complaint alleged state law claims for fraud and negligent misrepresentation, in connection with Humana Care Plus's failure to provide benefits under a group health insurance policy. Following an evidentiary hearing, the complaint was dismissed for failure to state a cause of action as the dispute squarely fell within the provisions of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.,* which provides an exclusive remedy for the type of claim asserted herein. 29 U.S.C. § 1132

2. Thereafter, Third-party Plaintiff filed an amended complaint stating that the action was being brought under the auspices of ERISA. The amended complaint also contained counts for fraudulent and negligent misrepresentation. The amended complaint was subsequently dismissed by agreed order.

3. Third-party Plaintiff has now filed a second amended complaint alleging four counts: Count I—an ERISA claim under 29 U.S.C. § 1132(a)(1)(B); Count II—a breach of contract action; Count III—a wrongful termination and interference with rights to health benefits action; and Count IV—a breach of fiduciary duty action.

4. Rule 1.140(b), Fla.R.Civ.P., provides that a pleading is subject to attack for failure to state a cause of action. A motion made pursuant to this rule tests the legal sufficiency of the pleading. In reviewing the adequacy of the pleadings, the court must construe the pleadings against the pleader in determining if the necessary allegations have been made. Trawick, *Florida Practice and Procedure* § 10-4 (1990).

5. In Third-party Plaintiff's complaint, the only reference to ERISA is made in the jurisdictional pleadings. Section 1132(a)(1)(B) of Title 29 of the United States Codes provides that

A civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

6. In *Kreml v Diamond Shamrock Corp.,* 701 F.Supp. 1400, 1404 (N.D. Ill. 1988), the court dismissed the plaintiff's complaint with

146

prejudice, ruling that plaintiff could not merely invoke ERISA's jurisdictional provisions and then allege common law causes of action.

7. "In order to maintain an action under this sub-section, a plaintiff must be seeking to assert rights 'under the terms of his plan.'" *Ogden v Michigan Bell Telephone Co.*, 595 F. Supp. 961, 966 (E.D. Mich. 1984). Herein, the body of Count I is devoid of any specific allegations constituting an ERISA claim other than the titling of the Count. Rather, the third-party plaintiff's pleading seeks relief based on the misrepresentation of the Third-party Defendant.

8. As recognized by the *Ogden* court, section 1132(a)(1)(B) is not open ended and the employee benefit plan itself must be the basis of such an action. *Id.* Accordingly, plaintiff's complaint, which contained sub-counts A-F averring common law causes of action such as equitable estoppel, innocent misrepresentation and negligence, was dismissed. The court noted the long standing principle that while state courts may have concurrent jurisdiction, they are bound to apply federal law. *Id.* at 967. Furthermore, when the federal program or legislative scheme requires uniform standards, the application of local principles of law is wholly inappropriate. *Id.* at 968. In conclusion, the court wrote that plaintiff's subcounts, asserting contract and tort claims, are independent of the plan. *Id.* at 970.

> For example, sub-count F claims that defendants breached their "duty" to properly advise plaintiffs regarding the availability of the MIPP [the plan]. This claim is not one to "recover benefits due to [them] under the terms of the plan" as required under § 1132(a)(1)(B). *Id.*

9. In the case *sub judice*, Third-party Plaintiff has failed to properly plead his cause as an ERISA action. Rather than seeking to assert his rights under the terms of his benefit plan, he is merely invoking ERISA's jurisdictional provisions and then alleging common law causes of action, i.e. misrepresentation. Accordingly, *COUNT I is DISMISSED.*

10. Over and above, the Third-party Defendant seeks to have this cause dismissed with prejudice. In their motion, they recognize that courts are ordinarily generous in allowing plaintiffs leave to amend; however, there comes a time when plaintiffs must accept defeat. As stated in Trawick, *Florida Practice and Procedure* § 14-2 (1990), "[g]enerally three ineffective attempts to state the same cause of action or defense are enough." *See Alvarez v DeAquirre*, 395 So.2d 213, 217 (Fla. 3d DCA 1981); *Price v Morgan*, 436 So.2d 116 (Fla. 5th DCA 1983). Herein, the Third-party Plaintiff has had three opportunities to

147

state their cause of action and in spite of the Court's finding that this matter is exclusively governed by ERISA, Third-party Plaintiff has repeatedly plead state law claims. Accordingly, *COUNT I* stands *DISMISSED WITH PREJUDICE.*

11. Before analyzing Counts II-IV, it must be recognized that Congress intended ERISA's preemptive powers to be broad. *See, e.g., Alessi v Raybestos-Manhattan, Inc.,* 451 U.S. 504, 101 S. Ct. 1895, 68 L.Ed2d 402 (1981). In fact, the Act specifically provides:

. . . the provisions of this subchapter . . . shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan . . . 29 U.S.C. § 1144(a).

12. In *Pilot Life Ins. Co v Dedeaux,* 481 U.S. 41, 107 S. Ct. 1549, 95 L.Ed.2d 39 (1987), the Court held that state law relates to a benefit plan if it has a connection with or reference to such a plan. At issue therein, the plaintiff claimed improper termination of benefits, tortious breach of contract, breach of fiduciary duty and fraud. The Supreme Court held that these causes of action related to the employee benefit plan and, therefore, were preempted by ERISA. In reaching their conclusion, the Court noted that both House and Senate sponsors of the Act emphasized the breadth and importance of ERISA's preemptive provisions and spoke of it as the Act's "crowning achievement." *Id.* at 46, 107 S. Ct. at 1552.

13. As a result of the Court's analysis in *Pilot Life,* there was an expansion of the preemptive field based on the Court's explicit finding that Congress intended the civil enforcement provisions of ERISA to be the exclusive vehicle for ERISA participants and beneficiaries. *See,* DiPaola, *Wrongful Denial of Health Insurance Benefits: Litigation the ERISA Preemption Defense,* 64 Fla. Bar J., April 1990, at 64, 65. Subsequently some limitations were placed on this broad reading. *Id.* at 65, 66.

14. In *Clark v Coats & Clark, Inc.,* 865 F.2d 1237, 1243 (11th Cir. 1989), the court held that a claim does not "relate to" a plan even where the employer's conduct occurred contemporaneously with an alleged ERISA violation, unless the facts relating to the employee's failure to receive benefits are relevant to the state law claim. In *Clark,* the court determined that state law claims arising out of the administration of benefits under the pension plan are within ERISA's reach. *Id.* at 1243. Thus, a claim for administrator's refusal to pay benefits causing intentional infliction of emotional distress is within the scope of ERISA and is preempted. *Id.; See also, Howard v Parisian, Inc.,* 807 F.2d 1560 (11th Cir. 1987). *Cf. Teper v Park West Galleries, Inc.,* 431

Mich. 202, 427 N.W.2d 535 (1988) (no preemption as there was no fiscal administrative or legal burden on the plan itself).

15. DiPaola interprets these cases as providing for a restricted focus in which the polestar for defining the outer limits of the "relate to" clause is whether the state law claim interferes with the plan administration or seeks to adjudicate plan benefits. DiPaola, 64 Fla. Bar J., April 1990, at 66. *See generally, Greenblatt v The Budd Co.,* 666 F. Supp. 735 (E. D. Pa. 1987) (an action for misrepresentation survived ERISA where relief was sought directly from employer regardless of any entitlement under the plan); *Sorosky v Burroughs Corp.,* 826 F.2d 794 (9th Cir. 1987) (allow claim for wrongful discharge and breach of contract where claims relied on theories independent of the plan).

16. An alternative theory for escaping preemption as espoused by *Perry v P\*I\*E Nationwide, Inc.,* 872 F.2d 157 (6th Cir. 1989), is that preemption should only apply if Congress has provided a remedy for the asserted wrongs.

17. Turning to Count II of the complaint, the Third-party Plaintiff alleges that Humana Care Plus has breached its contract (i.e. the plan). Based on the ERISA's preemption powers pursuant to 29 U.S.C. § 1144(a), it is clear that this claim is preempted by ERISA as it relates to the plan. Case law further supports ERISA's preemption of a plaintiff's state common law cause of action for breach of contract. *Blau v Del Monte Corp.,* 748 F.2d 1348 (9th Cir. 1985). *See also, Lafferty v Solar Turbines Int'l,* 666 F.2d 408 (9th Cir. 1982); *Folz v Marriott Corp.,* 594 F. Supp 1007 (W.D. Mo. 1984).

18. In an analogous case, plaintiff filed a multi-count complaint, in which Count II was for breach of contract. *Kreml v Diamond Shamrock Corp.,* 701 F. Supp. 1400 (N.D. Ill. 1988). Therein, the court stated that

[t]o the extent plaintiff intends this count as a common law claim for breach of contract, she has directly flouted this court's ruling that such a claim is preempted by ERISA, 29 U.S.C. § 1144(a). *Id.* at 1404. Accordingly, the court held that Count II could not stand and dismissed the case with prejudice. Therefore, based on the foregoing statutory and case law, as well as the Court's previous ruling that this cause fell under ERISA, COUNT II of the third-party complaint is hereby *DISMISSED WITH PREJUDICE.*

19. In Count III of the third-party complaint, Perez asserts an allegation for wrongful termination and interference with his rights to attain health beneits.

20. Section 1140 of ERISA prohibits an employer from discharging

an employee "for the purpose of interfering with the attainment of any right to which such [employee] may become entitled under the [employee benefit plan]. . ." 29 U.S.C. § 1140.

21. Because of ERISA's supersedure clause, 29 U.S.C. § 1144(a), all state laws which relate to any employee benefit are preempted. *King v James River-Pepperell, Inc.,* 593 F. Supp. 1344, 1345 (D. Mass. 1984); *Jung v FMC Corp.,* 755 F.2d 708 (9th Cir. 1985). Therefore, "[t]he critical inquiry is whether the state claim 'relates to' an employee benefits plan with the contemplation of § 1144." *Id.* "Since plaintiff's state claim addresses the same type of wrong prohibited by § 1140, and ERISA explicitly preempts the field of employee benefits plans, it is clear and plain that the state law claim for wrongful discharge is preempted." *Kelly v Int'l Business Machine Corp.,* 573 F. Supp. 366, 371 (E. D. Pa. 1983). *See also, Folz v Marriott Corp.,* 594 F. Sup. 1007 (W. D. Mo. 1984) (prima facie tort claim of wrongful discharge from employment was preempted by ERISA, since it was based on the proposition that discharge was for the purpose of denying employee of pension and medical benefits and thus related to employer benefit plan).

22. Based on the foregoing, it is clear that state law is completely preempted when the Act itself provides a remedy for the asserted wrong. Accordingly, since ERISA contains a provision for termination under 29 U.S.C. § 1140, the state law claim is preempted and, therefore, *COUNT III is DISMISSED.*

23. Moreover, even had the complaint properly sought relief under 29 U.S.C. § 1140, it would still fail as this Court would be without jurisdiction. An alleged violation of the provisions of 29 U.S.C. § 1140 is an action based upon the provisions of ERISA itself and, therefore, falls within the purview of 29 U.S.C. § 1132(a)(3). *Kross v Western Elec. Co.,* 701 F.2d 1238, 1244 (7th Cir. 1983). The only type of civil action is one for violations of the terms of a benefit plan, pursuant to 29 U.S.C. § 1132(a)(1)(B). *Bittner v Sadoff & Rudoy Industries,* 728 F.2d 820 (7th Cir. 1984). That is, section 1132(e)(1) vests exclusive jurisdiction of civil actions for ERISA claims within the federal district courts, with the exception of actions pursuant to section 1132(a)(1)(B) which vests concurrent jurisdiction in state and federal courts. Accordingly, as the Court is without subject matter jurisdiction, this action must stand dismissed. Furthermore, *DISMISSAL* of this count *IS WITHOUT PREJUDICE,* since the Court lacks jurisdiction to adjudicate the merits of this action. Trawick, *Florida Practice and Procedure* § 21-5 (1990).

24. The fourth and final count of the Third-party Plaintiff's complaint alleges a breach of fiduciary duty against Humana Care Plus.

25. Section 1104 of Title 29 of the United States Code affords an employee benefit plan participant or beneficiary a cause of action for a breach of fiduciary duty. This legislative enactment creates two distinct duties: 1) the fiduciary must discharge his duties solely in the interest of the plan's participants and for the exclusive purpose of providing benefits and defray costs of administration and 2) the fiduciary must perform his duties with reasonable care. 29 U.S.C. § 1104(a)(1). *Ogden v Michigan Bell Telephone Co.*, 571 F. Supp. 520, 522 (E. D. Mich. 1983).

26. Recalling ERISA's supersedure provisions, state law claims stemming from fiduciary duties covered by ERISA are preempted. *Phillips v Amoco Oil Co.*, 799 F.2d 1464, 1470 (11th Cir. 1986), *cert. denied*, 481 U.S. 1016, 107 S. Ct. 1893, 95 L.Ed.2d 600 (1987). *See, Morrissey v Curran*, 567 F.2d 546 (2d Cir. 1977).

27. As announced by the Sixth Circuit, the claim of breach of fiduciary duty is clearly foreclosed by ERISA. *Perry v P*I*E Nationwide, Inc.*, 872 F.2d 157 (6th Cir. 1989(. "Preemption applies to this particular claim because ERISA provides a specific remedy for breach of fiduciary duty with respect to establishment of an ERISA plan." *Id.* at 161.

28. Moreover, once again, exclusive jurisdiction for the enforcement of this subchapter lies with the district courts of the United States, 29 U.S.C. § 1132(e)(1), as enforcement is based on a violation of ERISA itself rather than a provision of the plan. 29 U.S.C. § 1132(a)(3).

29. In accordance with the foregoing, Count IV of the third-party complaint is *DISMISSED WITHOUT PREJUDICE*.

WHEREFORE BASED ON THE FOREGOING:

This Court finds that Third-party Plaintiff has failed to state a cause of action. Counts I and II of the third-party complaint shall be *DISMISSED WITH PREJUDICE;* whereas, Counts III and IV will be *DISMISSED WITHOUT PREJUDICE* as the Court does not have subject matter jurisdiction over these two counts.

DONE AND ORDERED in Chambers at the Broward County Courthouse, Fort Lauderdale, Florida 33301 this 30th day of March, 1991.