AMALGAMATED LOCAL UNION NUMBER 55, INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA RETIREMENT INCOME FUND, by its Trustees,

Amalgamated Local Union Number 55, International Union, United Automobile, Aerospace and Agricultural Implement Workers of America Welfare Fund, by its Trustees, Plaintiffs,

v.

FIBRON PRODUCTS, INC., Defendant.

UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, AMALGAMATED LOCAL UNION NO. 55, Petitioner,

v.

FIBRON PRODUCTS, INC., Respondent.

Nos. 97–CV–150S(F), 97–CV–368S(F).

United States District Court, W.D. New York.

Sept. 8, 1997.

Duke, Holzman, Yeager & Radlin, Buffalo, NY (Howard E. Berger, of counsel), for Plaintiffs Retirement Income and Welfare Funds.

Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria, Buffalo, NY (Richard Lipsitz, of counsel), for Petitioner Amalgamated Local Union No. 55.

Burd & McCarthy, Buffalo, NY (Timothy A. McCarthy, of counsel), for Respondent, Fibron Products, Inc.

## DECISION and ORDER[1]

FOSCHIO, United States Magistrate Judge.

### *JURISDICTION*

This case was referred to the undersigned on February 7, 1997 by the Hon. William M. Skretny for all pre-trial matters. It is currently before the court on Respondent's petition to remove and to consolidate (Case No. 97–CV–368S(F), Doc. # 1), filed May 5, 1997, and on Petitioner's motion to compel arbitration (Case No. 97–CV–368S(F), Doc. # 7), filed July 16, 1997.[2]

### *BACKGROUND and FACTS*[3]

A collective bargaining agreement (the CBA) was entered into between Petitioner, United Automobile, Aerospace and Agricultural Implement Workers of America, Amalgamated Local Union No. 55 (the Union) and Respondent, Fibron Products, Inc. (Fibron)

on October 1, 1994.[4] On August 29, 1996, the Union filed pursuant to the CBA a grievance with Fibron asserting that Fibron had failed to remit insurance, pension and union dues premiums to the Union, in violation of the CBA, the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* (ERISA), as amended by the Multi–Employer Pension Plan Amendments Act of 1980, 94 Stat. 1208. Thereafter, Fibron advised the Union that based on declining sales and concomitant sales revenues, Fibron was unable to remit the pension and health insurance contributions owed to the Union's Retirement Income and Welfare Funds. The parties resolved the union dues arrearages issue through the grievance procedure, but the issues of payment of the pension and health insurance benefits remain unresolved. In accordance with the CBA's grievance procedure, on December 18, 1996, and again on February 28, 1997, the Union requested that Fibron participate in the selection of an arbitrator to hear the remaining unresolved issues. As Fibron did not respond to either request, the Union, by letter dated March 12, 1997 and sent by certified mail, informed Fibron of its intention to commence a special proceeding in New York State Supreme Court to compel arbitration pursuant to New York State Civil Practice Law & Rules § 7503(c). Additionally, the Union advised Fibron that unless Fibron applied to stay the arbitration within twenty days of receipt of that letter, Fibron would be precluded from objecting to the validity of the CBA.

On March 7,1997, Plaintiffs Amalgamated Local Union Number 55, International Un-

---

1. A magistrate judge has, under 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure, authority to determine non-dispositive pre-trial matters. A matter of remand is not dispositive since it implicates only the question of whether there is a proper basis for federal jurisdiction to support removal and neither reaches nor requires a determination of the merits of a plaintiffs claims or a defendants defenses or counterclaims. Following the decision on remand the parties may prosecute such claims or defenses, including related dispositive motions, if any, in whichever court the decision may direct the action to proceed. *Holt v. Tonawanda Coke Corp.*, 802 F.Supp. 866 (W.D.N.Y. 1991); *Acme Electric Corporation v. Sigma Instruments, Inc.*, 121 F.R.D. 26 (W.D.N.Y.1988).

2. In the removed petition, the Union is denominated properly as a petitioner; as no action was filed in state court to which the petition applies, petitioner remains designated as such in this court.

3. The fact statement is taken from the pleadings and motion papers filed in 97–CV–150S(F) and 97–CV–368S(F).

4. The relevant portions of the CBA are attached as Exhibit A to the Union's state court petition, which is attached as Exhibit A to Fibron's Notice of Petition for Removal and Consolidation, filed May 5, 1997.

ion, United Automobile, Aerospace: and Agricultural Implement Workers of America Retirement Fund, by its trustees (Retirement Fund), and Amalgamated Local Union Number 55, International Union, United Automobile, Aerospace and Agricultural Implement Workers of America Welfare Fund, by its trustees (Welfare Fund) (collectively, the Funds), commenced an action in this court, Case No. 97–CV–150, seeking to recover the delinquent health insurance and pension payments owed by Fibron to the Funds pursuant to the CBA. Fibron answered on March 31, 1997, asserting as affirmative defenses (1) failure to state a claim, (2) estoppel, and (3) that the Funds' claims are excessive and inconsistent with the relevant provisions of ERISA.

Subsequently, on April 14, 1997, the Union filed a petition in New York State Supreme Court, Erie County, for, an order pursuant to N.Y. Civ. Prac. L. & R. § 7503(a), directing Fibron to engage in arbitration. Thereafter, on May 5, 1997, Fibron removed that petition to federal district court and moved to consolidate it with case No. 97–CV–150S. A scheduling order issued on June 9, 1997, directed that the Funds' response to the motion to consolidate be filed by July 16, 1997. On July 16, 1997, the Union and the Funds (Plaintiffs) moved to compel arbitration, and also filed a memorandum of law in opposition to consolidation, and requesting the court to *sua sponte* consider whether it had subject matter jurisdiction to entertain the motion to compel. By letter to the court filed August 20, 1997, Fibron withdrew its motion to consolidate and that issue is no longer before the court.

Based on the following discussion, the petition to compel arbitration is REMANDED to state court; Plaintiffs' motion to compel arbitration is DISMISSED as moot.

### DISCUSSION

#### 1. *Removal*

Fibron removed the special proceeding brought against it by the Union, asserting that the underlying claim arises from § 301 of the Labor Management Relations Act

(LMRA), 29 U.S.C. § 185, alleging that the Union

> "is a labor organization representing employees in an industry affecting commerce within the meaning of Title 29 U.S.C. § 152(5) and 185. Said labor organization exists and is constituted for the purpose, in whole or in part, of collective bargaining with ˙ employers concerning grievances, wages, hours and other terms and conditions of employment and or of other matters for the protection and benefits of employees represented."

Notice of and Petition for Removal and Consolidation, filed May 5, 1997, ¶ 11.

The Union maintains, however, that Fibron's reliance on the LMRA is misplaced as the removed petition does not allege on its face any of the jurisdictional facts asserted by Fibron, *i.e.*, that the Union and employer are in an industry affecting commerce thereby invoking the federal question jurisdiction of this court. Petitioner (Plaintiff) Memorandum of Law in Response to Motion for Consolidation and in Support of Motion to Compel Arbitration (Petitioner's Memorandum of Law), filed July 16, 1997, at p. 2. Instead, the Union's state court petition is premised on N.Y. Civ. Prac. L. & R. § 7503(a) which provides in pertinent part that

> [a] party aggrieved by the failure of another to arbitrate may apply for an order compelling arbitration. Where there is no substantial question whether a valid agreement was made or complied with, and the claim sought to be arbitrated is not barred by limitation under subdivision b of section 7502, the court shall direct the parties to arbitrate. Where such question is raised, it shall be tried forthwith in said court.

N.Y. Civ. Prac. L. & R. § 7503(a)(McKinney 1980).[5]

Additionally, § 7503(c) provides that once a party has been served with a demand for arbitration or a notice of intention to arbitrate,

> unless the party served applies to stay the arbitration within twenty days after such service *he shall thereafter be precluded*

---

**5.** The statutes of limitations under § 7502(b) are not at issue in the instant matter.

*from objecting that a valid agreement was not made or has not been complied with* and from asserting in the court the bar of a limitation of time.... An application to stay arbitration must be made by the party served within twenty days after service upon him of the notice or demand or he shall be so precluded.

N.Y. Civ. Prac. L. & R. § 7503(c)(McKinney 1980)(emphasis added).

Fibron never moved to stay arbitration pursuant to § 7503(c) and, accordingly, the Union maintains that had the matter remained in state court, Fibron would be precluded in state court from objecting to the validity of the arbitration clause and also from applying for a stay to the arbitration in state court. N.Y. Civ. Prac. L. & R. § 7503(c).

■ The Union has not moved to remand the action to state court. Where a state court petition has been removed to federal district court, the state court petitioner must move for such remand within thirty days of the removal, 28 U.S.C. § 1447(c). It is undisputed that the Union did not move within this period and they are now time-barred from moving to remand. However, the Union has requested the court remand the petition *sua sponte* based on lack of subject matter jurisdiction. Petitioners' Memorandum of Law, at p. 3. As the court may *sua sponte* remand upon determining that it lacks federal subject matter jurisdiction over the matter, 28 U.S.C. 1447(c), *Hamilton v. Aetna Life and Casualty Company*, 5 F.3d 642, 643 (2d Cir.1993), the court will, therefore, review the Union's petition to determine whether the court has jurisdiction over the matter it presents.

Removal of a state court proceeding is provided for under 28 U.S.C. § 1441(b) which states

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States, shall be removable without regard to the citizenship or residence of the parties.

28 U.S.C. § 1441(b).

■ In support of its position, the Union relies on the "well pleaded complaint rule," which provides that whether a case arises under federal law must be determined from what appears in the plaintiffs complaint. *Westmoreland Capital Corp. v. Findlay*, 100 F.3d 263 (2d Cir.1996). Additionally, the Union maintains that as the removed petition is a "well pleaded complaint," which contains no basis for federal court jurisdiction, Fibron cannot make it removable by virtue of Fibron's allegations in its removal petition concerning the applicability of the LMRA to the underlying dispute. Petitioners' Memorandum of Law, p. 3. Generally, a claim filed in state court may be removed to federal court only if federal jurisdiction is evident on the face of the plaintiff's well-pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 396, 107 S.Ct. 2425, 2431–32, 96 L.Ed.2d 318 (1987). Traditionally, the "well-pleaded complaint" rule prohibits the court from looking beyond the face of the complaint to determine whether a suit arises under federal law. *Gully v. First National Bank*, 299 U.S. 109, 113, 57 S.Ct. 96, 97–98, 81 L.Ed. 70 (1936). A claim arises under federal law if "a right or immunity created by the Constitution or laws of the United States [is] an element, and an essential one, of the Plaintiff's cause of action." *Gully, supra*, at 112, 57 S.Ct. at 97. Additionally, if both state and federal remedies exist for a particular cause of action, a plaintiff may elect to proceed only under state law despite the availability of a federal remedy. *Caterpillar, supra*, at 392, 107 S.Ct. at 2429–30. "The rule makes the plaintiff the master of the complaint; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, supra*, at 392, 107 S.Ct. at 2429.

■ The absence of any reference to federal law in a state court petition, however, is not determinative as to whether a suit arises under any federal law. *North American Phillips Corp. v. Emery Air Freight Corp.*, 579 F.2d 229, 233 (2d Cir.1978) (holding that allegations contained in complaint which showed federal law as basis for claims was sufficient to invoke original jurisdiction of district court even though no federal law was asserted in complaint). If it is clear from the substance of the allegations that the complaint states a claim arising only under

federal law, removal to federal court is proper even though only state law is asserted as the base for such claims. *North American Phillips, Corp., supra*, at 234; *Ferro v. Association of Catholic Schools*, 623 F.Supp. 1161, 1164 (S.D.N.Y.1985)(although plaintiff relied solely on state contract law as the substantive basis for relief, a dispute over a collective bargaining agreement arises under § 301 of the LMRA which preempts the state law and, as such, supports removal to federal court). Also, where federal jurisdiction hinges on a party's particular status, *i.e.*, involvement in an industry affecting commerce, the court is permitted to look beyond the face of the complaint to ascertain, independent of the complaint, the existence of that status. *Hearst Corporation v. Shopping Center Network Inc.*, 307 F.Supp. 551, 556 (S.D.N.Y.1969). "This limited exception to the 'face of the complaint rule' prevents plaintiffs from defeating removal by inadvertently, mistakenly, or fraudulently concealing the federal question that would have appeared if the complaint were well-pleaded." *Ferro, supra*, at p. 1164, citing 1a *Moore's Federal Practice* ¶ 0.160 at 185–87 (2d ed.1981). Thus, where the state law on which the plaintiff relies has been completely preempted by federal law, the state law claim is converted into a federal claim. *Caterpillar, supra*, at 393, 107 S.Ct. at 2430. In that case, federal law provides the only legal basis for the relief sought and removal is proper based on federal law. *North American Phillips, Corp., supra*, at 233; *Ferro, supra*, at 1164.

■■■ Although the LMRA has completely pre-empted state law with regard to disputes arising under collective bargaining agreements, there has been no similar preemption of the state forum as both state and federal courts have jurisdiction under § 301 of the LMRA to entertain disputes involving collective bargaining agreements with the state courts required to apply the applicable substantive federal law as a matter of preemption. *Pari Mutuel Clerks Union of Louisiana, Local 328 v. Fair Grounds Corporation*, 703 F.2d 913, 919, n. 5 (5th Cir.1983)(citing *Amalgamated Association of Street Employees v. Lockridge*, 403 U.S. 274, 91 S.Ct. 1909, 29 L.Ed.2d 473 (1971)). As such, New York Supreme Court has jurisdiction over the Union's claim, even if it arises under the LMRA. By filing the state court petition which does not allege on its face any basis for federal jurisdiction as a cause of action under federal law, the Union chose to avail itself of only a state procedural remedy, specifically, N.Y. Civ. Prac. L. & R. § 7503(a), the summary procedure by which an order compelling arbitration may be granted. No similar remedy is available under federal law.[6]

■■■ Thus, the question presented is whether, given the LMRA's complete preemption of state law, New York special proceeding to compel arbitration is available to the Union as a remedy and whether a union may, by failing to allege facts which otherwise would raise a claim based on federal law, thereby oust district court of subject matter jurisdiction. The court finds that it may.

"Section 301 governs claims founded directly on rights created by collective-bargaining agreements and also 'claims substantially dependent on analysis of a collective-bargaining agreement.'" *Caterpillar, supra*, at 394, 107 S.Ct. at 2431, (*quoting Electrical Workers v. Hechler*, 481 U.S. 851, 859, n. 3, 107 S.Ct. 2161, 2167, n. 3, 95 L.Ed.2d 791 (1987))(respondents who alleged that defendant had breached individual employment contracts with them possessed substantial rights under a collective bargaining agreement and suit could have been brought under § 301 but, as masters of their complaint, were not required to do so; the complaint as pled did not rely on any interpretation of the collective bargaining agreement and the federal district court was without jurisdiction over the matter). In the instant case, the Union is not seeking any relief or resolution in its state court proceeding of a claim which requires analysis of the CBA. As such, the court is not required to look beyond the face

---

6. Nor is any remedy available under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, for the FAA provides no independent basis for federal jurisdiction under 28 U.S.C. § 1331. *Westmoreland Capital Corp. v. Findlay*, 100 F.3d 263 (2d Cir. 1996).

of the petition to determine if the court has jurisdiction over the matter based on the status of the parties.[7]

Further, even if Defendant had, prior to removal, timely objected to arbitration as required by § 7503(c), the result would be the same for the Union did not commence a separate action in state court, but rather has only petitioned for an order directing the parties to arbitrate the claims at issue in accordance with New York state civil procedure which provides for summary disposition of such requests. N.Y. Civ. Prac. L. & R. § 7503(a). A fair reading of the Union's petition demonstrates that it neither asserts a claim nor does it request a remedy available under federal law. The petition therefore requests relief available only under state law. By not alleging any basis for federal subject matter jurisdiction appearing on the face of the state court petition, the Union, as master of its complaint, pursues only a state procedural remedy not preempted by the LMRA as it does not require any consideration of the terms or meaning of the CBA. The court does not find the presence of a general arbitration provision in the CBA requires consideration of the terms or meaning of the CBA, particularly where, as here, the applicability of such clause is uncontested. Any consideration as to the scope of the arbitration clause and the terms of the CBA which may be involved in the dispute will necessarily be determined by the arbitrator. Instead, the special proceeding petition requests an order directing the parties to proceed to arbitration based in part on Fibron's failure to respond in opposition to such petition.

Further, there is no danger that a remand to state court will place the petition before a court without subject matter jurisdiction over it as both state and federal courts are appropriate fora in which to adjudicate a dispute subject to the LMRA. As such, the special status rule under which removal to federal court would be required, if it were ascertained that the LMRA applied to the dispute, is not implicated. Subject matter jurisdiction must therefore be determined solely upon the well-pleaded complaint rule. As no basis for federal question jurisdiction, based on the LMRA or other federal law, appears on the face of the petition, this court is without subject matter jurisdiction and, accordingly, the petition must be remanded to state court.

## CONCLUSION

Based on the foregoing discussion, the Union's petition to compel arbitration (Case No. 97–CV–368S(F), Doc. # 1) is REMANDED to state court; Plaintiffs' motion to compel arbitration (Case No. 97–CV–368S(F), Doc. # 7) is DISMISSED as moot.

SO ORDERED.

---

**7.** The court notes that one district court in this circuit has held special proceedings commenced in state court are removable as civil actions to federal court. *Minkoff v. Budget Dress Corporation,* 180 F.Supp. 818 (S.D.N.Y.1960); *Minkoff v.*

*Scranton Frocks, Inc.,* 172 F.Supp. 870 (S.D.N.Y. 1959). However, in those cases, the court also looked beyond the face of the complaint and considered jurisdictional facts asserted in the petition for removal.